MORGAN *et al. vs.* SHEPHERD *et al.*

Where the same bill sought relief against four defendants as executors *de son tort* of one estate, and against two of the same parties, one as administrator *de bonis non* of another and distinct estate, and the other as his confederate, and prayed an accounting in regard to each estate, the bill was multifarious and demurrable.

(*a.*) Courts of equity are loth to dismiss bills for multifariousness, and ordinarily this court might remand the case with leave to amend by striking one of the grounds of complaint, but under the confusion of the record in this case, we think it best to let the judgment stand.

October 3, 1882.

Equity. Actions. Practice in Supreme Court. Before Judge WILLIS. Webster Superior Court. April Term, 1882.

Reported in the decision.

J. A. ANSLEY; B. F. HARRELL; J. L. WIMBERLY; DUPONT GUERRY, for plaintiffs in error.

HAWKINS & HAWKINS, for defendant.

JACKSON, Chief Justice.

This bill was brought by certain heirs at law of John M. Shepherd against his widow and the administrator *de bonis non* of the estate of A. H. Tarver, deceased, alleging that the two had confederated together to absorb certain funds belonging to them as such heirs at law, by virtue of a fraudulent award and submission whereby their share of

the estate of their father, derived from their grandfather, Tarver, was illegally turned over to the widow. Subsequently, by amendment, two other sons and heirs at law of their father were made parties defendant, and it was alleged that they also combined and confederated with the widow and the administrator *de bonis non* of the Tarver estate to absorb the balance of the estate of John M. Shepherd, their father, and thus they were deprived of it all. The bill alleges that the fund about which the arbitration and award was had was derived from the estate of the grandfather of complainants, the said A. H. Tarver, but says nothing definite in regard to the source whence the remainder of their father's estate was derived. No administration was had on the estate of their father, but this part of the bill seems to rest on the fact that the administrator *de bonis non* of the Tarver estate and the widow of the father of complainants, their mother, the inference is, and their two brothers conspired to seize, and did seize, all the estate, and are liable as executors *de son tort* therefor. So that in the same bill we have a suit against four executors *de son tort* for the recovery of one fund, and a suit against an administrator *de bonis non* for another fund for maladministration, in which he was aided by the mother, and for her benefit. The prayer is that the four account each for what each got, and that the two account for a specific sum which was disposed of by them in the fraudulent award.

On demurrer, the bill was dismissed, and complainants except and assign for error this judgment of dismissal. Complainants say that they made a motion to amend by striking out the part of the bill relating to the Tarver estate, but the chancellor certifies that no such motion was made. The demurrer rested on the ground of multifariousness, the bar of the statute of limitations apparent on the face of the bill and the absence of equity generally in the bill.

We think the bill demurrable for multifariousness. Two

distinct sets of parties defendant are sued, four in one group and two in another. In the last named, the claim is against the Tarver estate, to which the administrator *de bonis non* must respond, because he confederated with one heir to cheat and defraud others, as the bill charges; and as he must have given bond, and as no allegation of his insolvency and that of his sureties is alleged, while the mother was a proper party, there was no need of a prayer against her. Be that as it may, that claim is specific, separate and distinct from the other against the four as executors *de son tort* of the Shepherd estate. The Tarver and Shepherd estates are distinct, and relief against two sets of administrators of two estates, the one a regular, rightful administrator, and the other wrongful and tortious seizers of an estate, and thereby making themselves chargeable as such because of their illegal intermeddling therewith, asked for in the same bill, it seems to us, makes it multifarious.

We know courts of equity are loth to dismiss a bill for multifariousness, and we would send it back for amendment, and let one or the other ground of complaint stand, but for the confusion running through all the bill, and the extreme difficulty of ciphering out the meaning and scope and purpose of it all. The want of dates essential in such a case, and of distinct averment of facts, instead of stating general conclusions, would make it difficult to frame a clear complaint of wrongs done, as the bill now stands, in either of its phases, and it is better that complainants begin *de novo.* There may be equity in one or both when clearly set forth and simplified, though that is doubtful, especially so far as the award is concerned; but, as it stands, we have had trouble in arriving at any clear conclusion about it. Therefore, we shall not disturb the judgment of the court below in sustaining the demurrer and dismissing the bill.

Judgment affirmed.