FARMER *et al. v.* ROGERS *et al.*

A petition against the executors of the petitioners' deceased father and against three successive guardians of the petitioners themselves, praying an account by the defendants of their respective trusts, is multifarious, and on demurrer thereto, should be dismissed, no discovery being prayed for, but discovery being expressly waived.          *Judgment affirmed.*
December 7. 1891.

Equity. Executor. Guardian. Account. Before Judge GAMBLE. Bulloch superior court. April term, 1891.

The petition of Mrs. Farmer (formerly DeLoach), Mrs. Zoucks (formerly DeLoach), Cornelia and Agnes De-Loach, alleged: They are the heirs at law and children of J. D. DeLoach, deceased, and their mother is also dead. J. D. DeLoach died in January, 1871, testate, leaving no debts, and leaving a large estate consisting of realty worth $10,000, and personalty worth $8,000. E. G. Rogers, W. M. Williams and J. C. DeLoach were nominated in the will as the executors, and accepted the trust; in February, 1871, they probated the will, qualified as executors according to law, took possession of all the assets of the estate and assumed the duties of their office. They have never complied with the law in respect to the annual filing of returns, and by reason of this petitioners have been unable to obtain from the records of the court of ordinary any definite information as to the management and administration of the estate, or its present condition. While the executors have at long and irregular intervals filed fragmentary returns or pre-

tended returns, these are so disconnected one with another, and so incomplete in themselves, that so far from exhibiting intelligibly their management of the estate and its condition at the several times when these respective returns were filed, they rather served to conceal such information and defeat any inquiry into the official conduct of the executors. There has never been any settlement of the accounts of the executors. On July 1, 1872, John W. Miller was appointed guardian for Mrs. Farmer, and duly qualified as such; and on February 1, 1875, he was appointed guardian for all of petitioners, they being then minors, and duly qualified as such. As guardian he took possession and control of such part of petitioners' estate as was turned over to him by the executors, together with other real and personal property amounting to $10,000 or other large sum. Under both appointments he failed to discharge his duty as to filing annual returns, and petitioners are thus deprived of the information concerning his management of their property as guardian, which the records of the court of ordinary ought to afford them. These records do not show what part of the estate of their father was turned over by the executors to the guardian, no statement thereof of any kind having ever been filed in the court, either by the guardian or the executors; nor do the records show what other property of theirs came into the hands of the guardian, nor what disposition was made by the guardian of such property as came into his hands; and there has never been any settlement of the guardian's accounts. On April 3, 1876, George E. Wilson was duly appointed and duly qualified as guardian of petitioners, to succeed Miller. As such he took possession and control of such part of petitioners' estate as was turned over to him by the executors and by the former guardian, together with other property of petitioners, consisting of realty and personalty amounting to $10,000 or other large sum.

He has failed to make returns, and petitioners are therefore without information as to what part of their estate he has received and as to what disposition was made of the property received by him. He has never settled his accounts as guardian. On September 3, 1883, Z. T. DeLoach was duly appointed and duly qualified as guardian of all of petitioners, except Mrs. Farmer who was twenty-one years old, to succeed Wilson, and he received into his possession and control such part of petitioners' estate as was delivered to him by the executors and the former guardians, together with other real and personal property of the value of $10,000 or other large sum. He has failed in his duty in respect to filing annual returns, and petitioners are unable to state definitely what property of theirs was so received by him, no statement thereof having ever been filed by him, or either of the executors or former guardians, in the ordinary's office, nor has he filed any returns showing his management of such property as came into his hands as guardian ; and as guardian he has never settled his accounts. Pretending to be administrator of the estate of J. D. DeLoach, he has at various times since the first of December, 1879, without any right or authority, intermeddled with and converted to his own use $10,000 or other large sum, and other personalty of the value of $5,000 or other large sum, belonging to the estate of said J. D. Large portions of this money and other personalty were received by him from the executors and from the former guardians, but petitioners are unable to describe the same more definitely because of the failures to file statements as above mentioned. And Z. T. DeLoach refuses to account to them for the money and other personalty intermeddled with and converted by him. They have been deceived and misled by all of the trustees aforementioned as to the management by them of the property. J. C. and Z. T. DeLoach are each their uncles.

Miller married their mother after their father's death, and they also had the most implicit faith in Rogers and Williams, these having been selected by petitioners' father as being careful and trustworthy custodians of the estate left by him at his death; while petitioners, being young and totally without knowledge or experience of business affairs, also trusted implicitly in the fidelity and zeal of Wilson to manage and care for their property while it was in his hands as guardian. But they were not only kept in ignorance by all of the defendants as to the management by them respectively of the estate left petitioners, but each of them has so far presumed upon the unquestioning confidence which petitioners in their inexperience, youth and consequent ignorance of business, manifested towards each of them, that they have each constantly ignored the requirement of law as to the annual filing of returns. The property of petitioners having been interchangeably passed by defendants from one to another, complete and adequate justice can be done in the premises only upon an accounting by all of the defendants, by which it may be determined what portions each has received from the hands of the other, and what portions were properly and lawfully delivered by each to the other, so as to discharge one and charge the other therewith, as also to determine what portions of the estate were expended for the support, maintenance and education of petitioners by the guardians respectively, and for expenses of administration by the executors. Discovery is waived, and petitioners pray for account and final settlement, etc. The will of J. D. DeLoach was made a part of the petition. By it he bequeathed to his wife a farm and certain other property in extinguishment of her right of dower, gave all the residue of his property to his four children, the petitioners, share and share alike, and appointed Rogers, Williams and J. C. DeLoach executors.

The defendants demurred upon the grounds that there is a misjoinder of defendants and causes of action; and that the petition is multifarious. To the sustaining of the demurrer the plaintiffs excepted.

D. R. GROOVER, U. H. McLAWS and A. C. WRIGHT, by brief, for plaintiffs, cited 7 *Ga.* 549, 555; 71 *Ga.* 797; 12 *Ga.* 61; 69 *Ga.* 308.

HINES & FELDER and T. H. POTTER, for defendants, cited Code, §§4192, 1848; 3 *Ga.* 575; 2 *Ga.* 419; 5 *Ga.* 25, 574; 8 *Ga.* 238; 9 *Ga.* 280; 10 *Ga.* 110; 68 *Ga.* 56; 69 *Ga.* 308; 71 *Ga.* 797; 17 *Ga.* 52–55; 7 *Ga.* 539; 2 How. 619; 11 U. S. S. C. Rep. 402.