## PRATER v. BENNETT.

98   413
e120  989

1. The plaintiff's declaration showing that she and a deceased person had been common owners of a described tract of land, and that while the latter was in life one of the defendants, by fraudulently causing a misdescription to be inserted in a deed to himself from the deceased conveying a portion of the land, had acquired possession of and color of title to more land than he really bought, and in consequence was holding adversely to the plaintiff land of which she owned an undivided half, the action was maintainable for the purpose of having the above mentioned deed reformed and for other appropriate relief therewith connected; and the legal representative of the deceased cotenant of the plaintiff was a proper party defendant to the case.

2. Such a declaration was good against a demurrer alleging that the plaintiff " set forth no facts which would show title in her in or to the property sued for, or any part thereof."

3. The action was not rendered multifarious because the declaration alleged and sought to recover damages for trespasses committed by the defendant first referred to, upon other lands owned in common by the plaintiff and the estate of the deceased, not covered by the deed above mentioned.

May 11, 1896.  Argued at the last term.

Equitable petition.  Before Judge Kimsey.  Hall superior court.  January term, 1895.

The petition of Harriet C. Bennett against Shelton L. Prater and Mrs. A. C. Scales as executrix of James A. Findley, was demurred to by Prater.  The demurrer was overruled, and he excepted.

The petition alleges, that while plaintiff and James A. Findley were common owners of about sixty acres of land described, Findley made a deed conveying to Prater nineteen acres thereof, at $7.50 per acre; that when Prater came to take a deed, he fraudulently represented to the maker that he had measured the land, and that a piece of land on the end fronting four acres on the road would just make twenty acres, he at that time owning one acre on the road included in said boundary, not giving the distance in acres or otherwise from the road back to the line; and Findley,

relying on the honesty and integrity of Prater, made him
a deed describing the land as Prater had said [would] con-
vey to him the amount he had bought; when in fact said
deed by its description covers and contains 32.32 acres,
while it was intended to convey and contain only nineteen
acres.    The petition then sets forth a description of said
32.32 acres, and alleges that Prater has taken exclusive
possession of the same, has it under fence, claims to own it
in severalty, and has excluded and ousted plaintiff, and re-
fuses to allow her to participate in the possession, or to ac-
count to her for any of the rents and profits of the same
which he has received for the last four years.    She is the
owner of one undivided half of said land, and is entitled to
a joint possession of the same and to half the rents and
profits thereof.    Prater is entitled to one undivided half-
interest to the 19 acres he purchased from Findley; and the
estate of Findley is entitled to one undivided half-interest
in the excess of said tract that Prater is claiming over and
above the 19 acres he purchased from Findley.    For each
of the last four years Prater has wilfully, recklessly and
without authority entered upon the other part of said tract
of land belonging to petitioner and the estate of Findley,
and has cut and carried away therefrom large quantities of
timber of the value of $100.    The prayers are, that the
deed from Findley to Prater be reformed and corrected in
its description, so as to convey to him the amount of land
intended; that plaintiff be decreed to own an undivided
half-interest in the land now claimed by Prater, except the
one acre mentioned, and that it be settled as to whom the
other half-interest in the excess now claimed by him, over
and above what he purchased, belongs; that he be required
to pay her the worth of half the rents and profits of said
piece of land for the last four years, and such amount as
may be shown to be equitably due her for the trespass and
damage done by him to her other land; and for general
relief.

The grounds of demurrer are: (1) That plaintiff sets forth no facts which would show title in her to the property sued for or any part of it. (2) That she sets out no cause of action. (3) That she shows no interest in the question of the mistake or fraud alleged in the conveyance from Findley to Prater, and no right to have the deed reformed. (4) The petition is multifarious, in joining with a suit to recover one piece of land an action to recover damages ·for trespass on another piece; and (5) in seeking to join in this action the executrix of Findley, his estate having no interest in any controversy shown in the petition between plaintiff and defendant.

*Perry & Craig*, for plaintiff in error.
*J. M. Towery* and *W. F. Findley*, contra.

LUMPKIN, Justice.

The petition of Harriet C. Bennett against Prater and the executrix of Findley was demurred to by Prater. The demurrer was overruled, and he excepted. The substance of the petition and of the demurrer appear in the official report.

1. The facts are somewhat complicated; but we are unable to perceive how the plaintiff could obtain the full relief to which she was entitled, without a reformation of the deed which Findley, her deceased cotenant, had made to Prater. It is true she was not a party to the deed, but a direct injury resulted to her from the fraud practiced upon Findley by Prater, and she could not well rid herself of the consequences of this fraud until that deed was made to speak the truth. This could not be done without having Findley's legal representative before the court; and hence, his executrix was a proper party to the proceeding.

2. As will have been observed, the petition distinctly alleges that the plaintiff and the deceased, Findley, had been common owners of a described tract of land, as to a part of which Prater had obtained possession and color of

title by a fraud practiced upon Findley, under whom he claimed. The petition, therefore, contained enough, upon the subject of ownership, to withstand a demurrer alleging in general terms that the plaintiff had set forth "no facts which would show title in her in or to the property sued for, or any part thereof." The case does not fall under section 3401 of the code, which declares that the plaintiff in a statutory action for the recovery of land shall annex an abstract of the title relied upon.

3. Nor was the petition multifarious because the plaintiff sought thereby to recover damages for trespasses committed by Prater upon other lands which had been owned in common by herself and Findley, but were not embraced in the deed to Prater above mentioned. Under our system of pleading, both equitable and legal rights may be asserted in the same proceeding. The superior court having jurisdiction of the entire controversy between plaintiff and Prater, and having before it the representative of the only other person interested in the subject-matter of the dispute, it will be better for all concerned to have the various issues in controversy adjusted and disposed of by one trial.

*Judgment affirmed.*