of the property.   The railroad-stock was sold for the sum of $2,000, and this amount was invested in the house and lot levied on.   The vendor executed his bond' for titles to Dent as trustee for Mrs. Lane and her children, conditioned to execute to him, or his assigns, a title upon payment of two notes for the balance of the purchase-money, executed by Mrs. Lane and her husband, J. H. Lane. . No notice of the levy was given to Dent, the trustee, but such notice was given to the vendor and Mrs. Lane.   An effort is made in this proceeding to subject the interest of Mrs. Lane in the property to the payment of the judgment, under the provisions of section 3586 of the Code of 1882.   A person whose only interest in real property is under a contract of sale evidenced by a bond for titles has no interest which can be seized under execution, in the absence of a statute authorizing a levy and sale.   It follows, therefore, that when an effort is made to sell according to such a statute, it must clearly appear that the case falls within the terms of the statute.   In order to bring the case within the provisions of the section relied on, it is, therefore, absolutely essential that the defendant in fi. fa. must be a person who holds under a bond for titles.   As the bond in this case was made to Dent, the trustee appointed under Stegall's will, the judgment is not against the person who is the holder.   Dent, the trustee, is, within the meaning of this section, the holder.   Mrs. Lane not being the holder under the bond, her interest, whatever it may be, can not be seized and sold under the provisions of this section.   *Freeman* v. *Aiken*, 49 *Ga.* 51.   Whether she has an interest which can be lawfully subjected to the payment of her debts, and how such interest, if it exists, can be reached, are questions not made by this record, and will not be now decided.

*Judgment affirmed.   All the Justices concurring.*

PITTMAN & COMPANY *v.* BENTLEY *et al.*

The plaintiffs' petition against a married man, his wife, and a third person, in some of its allegations undertakes to make a case for establishing and enforcing a materialman's lien against realty as the property of the wife;

in other allegations the petition makes a case against the wife for goods sold and delivered to her on account through the husband as her agent; in still other allegations it seems to seek a recovery against the third person for goods sold and delivered to him, with an attempt to hold the husband liable therefor as guarantor. In addition to these features the petition makes a case against the husband and wife for fraud and deceit; by other averments still further varies the alleged liability of all three of the defendants, and contains prayers which are as multifarious as its numerous allegations. *Held*, that it was properly dismissed on demurrers, general and special, raising objections to it, the nature of which the foregoing summary of its contents indicates.

Argued June 7, — Decided July 21, 1897.

Complaint. Before Judge Lumpkin. Fulton superior court. September term, 1896.

On October 17, 1891, Pittman & Company brought suit against Joseph Wilson, D. T. Bentley, and his wife Mrs. M. J. Bentley. The declaration as amended was demurred to on numerous grounds, and the demurrer was sustained. The allegations are, in brief, that plaintiffs are materialmen and dealers in lumber. Joseph Wilson came to them, stated that he was building a house for Mr. Bentley, and desired to purchase lumber therefor. Plaintiffs refused to furnish him. D. T. Bentley then came to plaintiffs and said that Wilson was building a house for him, and to let Wilson have the lumber and he, Bentley, would pay for it; that he needed the lumber at once, and to send it so he could pay for it out of the money due Wilson, as he was "afraid of Wilson." Plaintiffs then let Wilson have the lumber as shown by an attached account amounting to $315.90, and when the bill was completed, had Wilson to endorse it as correct and presented it to Bentley, who then denied his contract above stated and refused to pay it, saying the house and lot was not his but his wife's, that she had given him the contract to build it, and he had taken a contract from Wilson to build it. Bentley was and is a clerk in the retail dry-goods business, and not in the contractor's business. Plaintiffs at once recorded their claim of lien on March 20, 1891, being within less than a week after furnishing the material, and within the same time served a notice of the filing of said lien on Mrs. Bentley personally. They bring this petition to foreclose the lien, having in all respects complied

with their contract in reference to the material, etc. They charge that the assumption by Bentley of the contract to build for his wife a house on her lot, and his subsequent contract with Wilson to build the house and ordering goods for him and then denying his order, was in pursuance of a plan between the Bentleys to defraud plaintiffs; it was their purpose to have the contract to build the house made between Bentley and an irresponsible contractor, so that no lien could be filed against Mrs. Bentley for any lumber so furnished. In pursuance of this plan the Bentleys, after said notice was served, refused to pay Wilson any further money on his contract to build the house, and they refused to acknowledge plaintiffs' debt or lien or to pay their account. There is enough now due Wilson on his contract to pay plaintiffs' debt. There was no real bona fide contract between Bentley and his wife for Bentley to build her house; but such contract was fictitious, without consideration, and not expected nor intended by either party thereto to be really executed; the only use they expected to make of it was the fraudulent one already stated. In fact Wilson's contract was to build a house for Mrs. Bentley, and whatever money was owing Wilson and is still owing him is from Mrs. Bentley. At the time of the service of notice upon her by plaintiffs she was justly indebted to Wilson in the sum of their claim herein sued for, and the facts before detailed make Bentley the agent of his wife in all transactions in reference to this house. Further, the lot on which the house was built was bought and paid for by Bentley, Mrs. Bentley furnishing no part of the consideration; it was so arranged that such contract as herein detailed with Wilson could safely be made. Plaintiffs think that their legal remedy is sufficient, but if not, they pray for such equitable aid as will grant them an establishment of their lien. They pray judgment against Wilson as principal and Bentley as guarantor, for the amount of their account, with interest, and pray for an order establishing said judgment as a lien on the property of Mrs. Bentley. By amendment it is alleged, that Wilson, and Bentley for himself and on account of his wife, entered into the combination hereinbefore set out and by reason thereof defrauded

plaintiffs, and all of the defendants are bound for the sum sued for; and judgment is prayed accordingly. Further, plaintiffs were in total ignorance of said fraudulent scheme and combination between defendants, and would not otherwise have parted with the possession of their goods. They sold in reliance upon the statement of Bentley that he was building or going to have put up for himself a building on the premises described, and so believing and knowing nothing of the scheme and plan by which he was really the agent of his wife, they accepted and dealt with him as principal; but they now charge that he was the mere agent of his wife and had a secret contract with his wife for the mere and single purpose of thereby relieving her from any liability for the goods furnished, all of which was unknown to plaintiffs.

*Mayson & Hill,* for plaintiffs.
*Edmund W. Martin,* for defendants.

Совв, J. The headnote, when read in connection with the official report, is sufficient to establish the correctness of the judgment of the trial judge; and it is therefore affirmed.

*Judgment affirmed.　All the Justices concurring.*

---

# WESTERN AND ATLANTIC RAILROAD COMPANY
## *v.* BROWN.

1. As matter of law, unliquidated demands arising ex delicto do not bear interest; and on a suit to recover the value of property which has been injured or destroyed, the jury can not legally find a given amount for principal with an additional amount as interest.
2. The jury may, in the lawful exercise of their power, add to the value of property destroyed a sum equal to the interest on such value, but such sum must be found and returned as damages, not as interest.
3. In the present case, the question of liability was one for the jury, and their verdict is not against the evidence; the charge of the court did not authorize the rendition of a verdict bearing interest on the principal found; the verdict as corrected expressed the real finding of the jury, and will not, therefore, be disturbed.
4. There was no error in ruling that the plaintiff had the right to open and conclude, notwithstanding the admission made by the defendant, the same not making out a complete prima facie case for the plaintiff.

Argued June 24, — Decided July 21, 1897.