SHINGLEUR & COMPANY *v.* SWIFT *et al.*

1. A petition wherein separate and distinct causes of action against different defendants are set forth is demurrable on the ground of multifariousness, and also on the ground of misjoinder of parties, when there are no allegations showing joint liability save loose and general charges of fraud and collusion which do not state the facts upon which such charges are based.

2. The demurrers to the present petition sufficiently pointed out the objections thereto, which were of the nature above indicated, and the court did not err in holding that these demurrers were well taken or in dismissing the action.

Submitted May 18,—Decided June 4, 1900.

Equitable petition. Before Judge Butt. Muscogee superior court. January 16, 1900.

*G. E. Thomas Jr., J. M. Chilton,* and *H. C. McCutchen,* for plaintiffs. *Goetchius & Chappell, McNeill & Levy,* and *C. E. Battle,* for defendants.

COBB, J. Shingleur & Company brought suit against Swift, Jenkins, the Georgia Warehouse, Storage & Commission Company (hereinafter referred to as the warehouse company), and the Fourth National Bank of Columbus, Georgia (hereinafter called the bank). The petition alleged that Swift had been employed by the plaintiffs to purchase and ship cotton for them, and to draw drafts in their name upon the consignees for the price which they had agreed to pay for the cotton. The petition sought to set forth a cause of action against Swift for a failure to account to plaintiffs for the difference which he as their agent had paid for the cotton purchased by him and the amount of the drafts drawn upon the consignees to whom the cotton was shipped. The petition sought to connect Jenkins with these transactions by showing that he was the payee in the drafts of Swift, and the bank by showing that it had collected the drafts, deposited the money, and failed to account to the plaintiffs for the full amount which they claim to be due them. As to the warehouse company, the allegations were, that it has now in its possession a certain number of bales of cotton purchased by Swift for plaintiffs and stored with it, and that it refuses to deliver the same to plaintiffs; but there was no prayer for the specific recovery of this cotton. There were averments in the petition, of a very general nature, that all of the defendants had colluded together for the purpose of defrauding the plaintiffs. The prayers were, for an accounting between plaintiffs and all the defendants, and a judgment against them for the amounts due by each of them, and for general relief. To the petition the defendants filed demurrers both general and special, some of the grounds of the special demurrers being that the petition was multifarious, contained a misjoinder of parties defendant, and that the charges of fraud and collusion were too vague and indefinite,

and no facts upon which such charges were based were set forth. The court sustained the demurrers and dismissed the petition, and the plaintiffs excepted.

There was no error in sustaining the demurrers. The petition was clearly multifarious, and contained a misjoinder of parties defendant. The plaintiffs may have a cause of action against Swift for the fraud which it is alleged he perpetrated upon them. They may also have a cause of action against Jenkins and the bank, if they have in their possession any funds belonging to plaintiffs, or if they aided and abetted Swift in defrauding his principals. If the warehouse company has in its possession cotton belonging to plaintiffs and wrongfully refuses to deliver it up to them, they, of course, have a cause of action against that company. But these three causes of action can not be united in one petition; and all of the defendants can not be sued in one action when it is charged in merely loose and general terms that they colluded together to defraud the plaintiffs. No facts upon which such charges were based were set forth, and the averments as to this matter were merely conclusions of the pleader. We will not undertake to determine in the present case whether the plaintiffs have a cause of action against any of the defendants severally, or against any two or more of them jointly. What we do hold is, that upon the state of facts alleged by them they can not maintain one action against all of the defendants jointly, or unite in one petition all of the causes of action which they sought to declare upon.

*Judgment affirmed. All concurring, except Fish, J., absent.*