GORDY *et al. v.* LEVISON & COMPANY *el al.; et vice versa.*

1. As a general rule, the courts of this State have no extraterritorial jurisdiction, and cannot make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent.

2. But where a non-resident voluntarily institutes a suit in a county in this State he submits himself, for all the purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending.

3. There was a misjoinder of parties and causes of action in this case; and the court did not err in dismissing the petition on demurrer.

Nos. 3806, 3807. FEBRUARY 27, 1924.

Equitable petition. Before Judge Custer. Dougherty superior court. April 23, 1923.

F. L. Gordy, doing business under the trade name of F. L. Gordy Lumber Company, C. D. Smith of Albany, Dougherty County, Georgia, and John W. Shiver of Americus, Sumter County, Georgia, brought an equitable petition and alleged in substance the following: Defendants John D. Pope and S. S. Bennet are residents of Dougherty County, Georgia, practicing law under the firm name of Pope & Bennet. Defendant Samuel Birdsall Company is a non-resident corporation with its principal office and place of business in New York City, with no agent upon which service can be perfected in the State of Georgia, and defendant Levison & Company is a partnership of the State of New York. F. L. Gordy negotiated a loan with Levison & Co., and as security for the loan deposited certain collateral with Levison & Co., the collateral being "accounts and acceptances of the customers of F. L. Gordy Lumber Co." The accounts and acceptances deposited with Levison & Co. have been paid and liquidated sufficiently to pay whatever debt or obligation that Levison & Co. may have had, or has, against F. L. Gordy Lumber Co. Although the debt or obligation due Levison & Co. by F. L. Gordy Lumber Co. has been liquidated, Levison & Co. is fraudulently claiming that F. L. Gordy Lumber Co. is still indebted to Levison & Co. in the sum of $20,000. R. F. Crawford was in the employment of F. L. Gordy Lumber Co., and was directed by that company to go to New York for the purpose of discounting and borrowing money on certain accommodation acceptances of C. D. Smith and John W. Shiver, the acceptances now being in the possession of Pope & Bennet, attorneys for the other defendants. Levison & Co. knew for what purpose the acceptances were deposited

with them, and the limitations and restrictions on Crawford's authority, and knew that the acceptances were deposited with them for no other purpose th'an that above alleged. Crawford had no authority to deposit the acceptances referred to with Levison & Co., except for the purpose of securing a loan thereon; no such loan was secured by Crawford of F. L. Gordy Lumber Co.; nor were the acceptances discounted by Levison & Co. from Crawford, nor was any money advanced on them; and the possession of them was secured by Levison & Co. from Crawford in fraud of the rights of F. L. Gordy Lumber Co., and without the knowledge or consent of either of the plaintiffs. Levison & Co., without authority and fraudulently in collusion with Samuel Birdsall Co., devised and concocted a scheme by which to defraud plaintiffs out of the sum claimed to be due Levison & Co. in order to force collection of the accommodation acceptances referred to, Levison & Co. going through a form of transferring and delivering the acceptances to Samuel Birdsall Co.; and petitioners are advised and believe, and now allege, that the acceptances were transferred after their maturity and with notice of the right and equity of plaintiffs thereto. Levison & Co. and Samuel Birdsall Co., in furtherance of their fraudulent and illegal scheme, have forwarded to Pope & Bennet, attorneys, of Albany, Georgia, the accommodation acceptances for the purpose of having "some of the same sued in the name of Samuel Birdsall Co." as the owners of said acceptances, and some in the name of Levison & Co. The acceptances are now in the possession of Pope & Bennet. The acceptances given by John W. Shiver to F. L. Gordy Lumber Co. were without consideration and merely for accommodation, and they are the property of F. L. Gordy Lumber Co., C. D. Smith, and John W. Shiver; and Levison & Co. and Samuel Birdsall Co. have no right or interest in them, and are merely retaining them by virtue of the fraudulent scheme referred to. F. L. Gordy alleges that he has paid in full all money due Levison & Co.; but if there is any amount due Levison & Co., he stands ready and willing and tenders said amount. Gordy has repeatedly asked and insisted that a statement of his account be given, but Levison & Co. has refused and now refuses to make a statement or accounting to Gordy, and has rendered no statement since October 1, 1921, although Levison & Co. had in its possession at that time securities aggregating the sum of $60,000, exclusive of the acceptances referred to. Samuel

Birdsall Co. has filed suit in the city court of Albany against C. D. Smith, on the accommodation acceptances herein referred to. Pope & Bennet, as attorneys for Levison & Co. and Samuel Birdsall Co., have announced their intention to file suit in favor of Levison & Co. and Samuel Birdsall Co. against John W. Shiver in the city court of Americus, or the superior court of Sumter County, Georgia, on the accommodation acceptances given by John W. Shiver to F. L. Gordy Lumber Co., aggregating the sum of $————. The assignment or delivery of the acceptances by Levison & Co. to Samuel Birdsall Co. under the fraudulent scheme in law and in equity constitutes a conversion of the property, the same being of the value of $25,000. Plaintiffs claim title to all of the acceptances hereinbefore referred to. In order to avoid a multiplicity of suits and to determine the true ownership of the acceptances and to have an accounting between Levison & Co. and F. L. Gordy Lumber Co., plaintiffs pray: (*a*) That Pope and Bennet, individually and as attorneys for Levison & Co. and Samuel Birdsall Co., be restrained from filing suit against John W. Shiver on the acceptances. (*b*) That the suit now pending in the city court of Albany in favor of Samuel Birdsall Co. against C. D. Smith be enjoined, and the plaintiff in said suit be required to set up its rights in this suit. (*c*) That Pope and Bennet, individually and as attorneys, be enjoined from disposing of the acceptances or removing them beyond the jurisdiction of this court, and that they be held within the jurisdiction by the attorneys to abide the final decision in this matter. (*d*) That there be an accounting between Levison & Co. and F. L. Gordy Lumber Co. (*e*) That the rights and interests of the parties to the acceptances be determined, and a decree entered declaring their respective interests. (*f*) That the decree determine the rights and interests of all parties in the subject-matter involved. (*g*) That plaintiffs have judgment against defendants in the sum of $25,000, in the event the property cannot be restored to the plaintiffs; otherwise a decree for the property. (*h*) That plaintiffs have such other relief as the court may deem proper.

Levison & Co. and Samuel Birdsall Co. filed separately special appearances, substantially alike, and "for the sole purpose of objecting to the jurisdiction of the court, and for the sole purpose of showing to the court that it has no jurisdiction over these defend-

ants, and that no legal service has been had upon these defendants, and no legal seizure of any property of defendant has been made," and alleged the following: Levison & Co. is a partnership organized and acting under the laws of New York, and it and each member thereof is a citizen and inhabitant of the State of New York and not a resident of Georgia, and has no office or agent or place of doing business in the county of Dougherty or elsewhere in the State of Georgia; and the foregoing conditions existed at the time of the filing of this suit and ever since. This defendant at the time of filing the suit did not have, and does not now have, any property in the county of Dougherty or of the State of Georgia which could be legally seized by the sheriff or process of this court, or be legally affected by an injunction of this court under any of the pleadings filed, the only property or representative of property which this defendant then and now has in said county and State being certain copies of negotiable papers in the form of drafts or trade acceptances due by the plaintiffs which were then and are now in the hands of this defendant's attorneys at law, Pope & Bennet, for collection, and this defendant insists that said choses in action, being mere representative in value, were then and are now located in law and have their situs at the residence of this defendant and its members in the State of New York. No facts are alleged in the petition which would authorize the court to issue an injunction or other process against the negotiable instruments and choses in action, or otherwise to acquire jurisdiction of this defendant or its interest in said choses in action. No facts are alleged which would authorize any injunction, or seizure of the choses in action or any other property or any interest therein in the State of Georgia belonging to this defendant and have service perfected against the defendant by publication under § 5554 of the Civil Code, in that no facts are alleged showing that the purpose of the petition is one provided for in § 5554. And if any construction by this court of any law of the State of Georgia would authorize such process or action against said choses in action under the facts alleged, the purpose of which would be to give this court jurisdiction over this defendant or over the choses in action, that would be to deprive this defendant of its property without due process of law, in violation of art. 1, sec. 1, par. 3, of the constitution of Georgia, which provides that no person shall be deprived of life, liberty, or property, except by due

43

process of law, and also in violation of art. 14, sec. 1, of the constitution of the United States, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property without due process of law. Wherefore it was prayed that the temporary restraining order be vacated and set aside, and that the pretended service on this defendant, purporting to have been effected by publication, be declared null and void, and that the case be dismissed as to this defendant, and that the court decree and determine that there has been no valid legal service upon the defendant so as to give the court jurisdiction over it or any of its property in the case. There were similar prayers on the part of Birdsall Co.

The following agreement was entered into between counsel for plaintiffs and defendants: "It being claimed by defendants that a material issue in said case, whether there were at the time said suit was filed, or having been at any time since then, in possession of Pope & Bennet, of Albany, Georgia, as attorneys for either of the defendants, any of the original 'accommodation acceptances' of C. D. Smith or John W. Shiver, mentioned in plaintiffs' petition as having been deposited with Levison & Co., it is agreed by counsel for all parties that that issue alone be submitted to a jury for trial at this term of court, and that the jury make a special finding of fact thereon with either side having the right to move for a new trial thereon, and all other rights which either side would have on such trial." On this issue the jury found for the defendants. A judgment was entered in accordance with the verdict. The court also made an order, after the verdict, and after demurrer filed to the petition: "1. That the defendants' special appearance and motion to dismiss and plea to the jurisdiction be not sustained, but be on the contrary overruled. 2. That the grounds 1 and 2 of the defendant's general demurrer, and grounds A, B, and C of the defendant's special demurrers, be and the same are hereby sustained, and said plaintiff's petition is hereby dismissed thereon,—the court not passing on the special demurrers at this time." Grounds 1 and 2, and A, B, and C, of the demurrer are as follows: "1. Said petition sets forth no cause of action in favor of the plaintiffs against this defendant. 2. Said petition fails to show that said plaintiffs have no adequate remedy at law, but shows on the contrary that they have

such remedy.  A.  To all of said petition on the ground that it contains a misjoinder of parties plaintiffs, it appearing that the several plaintiffs have no common right or cause of action against this defendant.  B.  To the whole of said petition, on the ground that it contains a misjoinder of parties defendant, in that it shows no legal or equitable reason why this defendant should be joined as a codefendant with the other defendants named therein.  C.  To the whole of said petition, on the ground that it is multifarious, in that it seeks to set up and assert against the various defendants, and in favor of the various plaintiffs, various and unrelated pretended claims and causes of action, without any connecting link between the same, to wit:  (1) A pretended cause of action in favor of F. L. Gordy for an accounting with Levison & Co., and for an alleged charge of fraudulent conspiracy between Levison & Co. and Samuel Birdsall Co.; and an alleged claim against all of the defendants for $25,000 damages; and an alleged right of injunction against the defendants, and other alleged things; and a pretended claim of right on the part of C. D. Smith to an injunction against being sued on his own obligation, wholly unconnected with the other matters in said suit; and an alleged claim of right on the part of John W. Shiver to an injunction against being sued on his own obligations, wholly unconnected with the other matters in said suit." The other defendants filed similar demurrers.  To the sustaining of the demurrers the plaintiffs excepted.  The defendants excepted to the overruling of the motion to dismiss the case for want of jurisdiction.

*R. L. Maynard* and *Milner & Farkas,* for plaintiffs.

*Pope & Bennet,* for defendants.

HILL, J.  (After stating the foregoing facts.)

1.  We will consider first the question raised by the cross-bill of exceptions; for if the court had no jurisdiction of the parties, the subsequent proceedings were a nullity.  Or, if there was jurisdiction as to some of the parties, the question raised in the main bill of exceptions will be considered only with reference to such parties as to whom the court had jurisdiction.  It was insisted by the plaintiffs in the court below that jurisdiction had been acquired in the case over Birdsall & Co. and Levison & Co., residents of the State of New York, and their property: (1) by reason of the presence within the jurisdiction of the court and in the hands of Pope & Bennet, as attorneys at law of Birdsall & Co. and Levison & Co.,

of certain original trade acceptances, issued by the Gordy Lumber Co., some of which were accepted by C. D. Smith of Albany, Dougherty County, and some by John W. Shiver, of Americus, Sumter County, and all of which it was insisted were payable in Albany, Dougherty County, Georgia, where the present suit was brought. It was also insisted that the acceptances, which were claimed by the plaintiffs, were affected and impounded at the beginning of the suit by the temporary restraining order granted by the court at the time of filing the suit, which order had been served on Pope & Bennet personally, the defendants, on the other hand, claiming that the original acceptances had never been, at or since the time of filing the suit, within the jurisdiction of any of the courts of the State of Georgia. (2) By reason of the fact that Birdsall & Co. and Levison & Co. had each filed, in the courts of Georgia, certain suits as set out in the foregoing statement of facts, one by Birdsall & Co. in Dougherty County, and the other by Levison & Co. in Sumter County, Georgia. These suits were upon different acceptances and by different parties. It was further insisted that the court acquired jurisdiction by reason of service by publication. There having been raised an issue of fact in the case, under the special appearance, motion to dismiss, and plea to the jurisdiction, as to whether or not any of the acceptances had been, at or since the filing of the suit, at any time in the possession of Pope & Bennet, it was agreed in writing by counsel for all parties in the suit *that that issue alone* be first submitted to a jury; and the agreement having been approved by the court and ordered filed as a part of the record in the case, the issue was, on April 4, 1923, tried and decided by the jury in favor of the defendants; that is, that none of the trade acceptances had been, at or since the time of the filing of the suit, in the possession of Pope & Bennet, as attorneys for either of the other defendants; and a judgment was entered upon the verdict adjudging the issue in favor of the defendants in the case. There was no exception to this judgment; and we are of the opinion that trying this special issue in connection with the special appearance was not a waiver of jurisdiction. Subsequently, and during the same term of court, the issues of law raised by the special appearance, motion to dismiss, plea to the jurisdiction, and demurrer filed by the defendants came on for a hearing, and the learned trial judge overruled the motion to dismiss the case, and the plea to the jurisdiction; and also sustained the demurrer to the petition and dismissed

it. To the judgment overruling the plea to the jurisdiction and motion to dismiss the petition the defendants by cross-bill excepted.

The general rule is that the courts of this State have no extra-territorial jurisdiction, and cannot make the citizens of other States amenable to their process, or conclude them by a judgment in personam without their consent. *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). But, as held in *Home Mixture Co.* v. *Woolfolk,* 148 *Ga.* 567 (97 S. E. 637), "A plaintiff who institutes a suit in a county other than the one in which he resides submits himself, for all the purposes of the defense of that suit, to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in a court of limited jurisdiction which, for want of power, cannot afford full relief, the defendant, by petition in equity in the superior court of the county where the suit was instituted, may enjoin the prosecution of the suit and set up and have adjudicated as to the non-resident plaintiff all matters included in such litigation. (*a*) In such case, if relief is prayed as to matters not included in such litigation, the petition is subject to demurrer on the ground of want of jurisdiction, and may be dismissed if the objectionable prayer is not eliminated. (*b*) If the relief prayed is confined to matters included in such litigation, the fact that some of the relief cannot be granted because of the absence of necessary parties defendant does not affect the jurisdiction of the court." The principle ruled in the *Woolfolk* case is applicable to the case of Birdsall & Co., who brought suit in Dougherty County and voluntarily placed themselves within the jurisdiction of the courts of that county, and they are therefore amenable to the jurisdiction of those courts and their process. As to Pope & Bennet, they are eliminated since the special verdict and judgment unexcepted to, and should be stricken from the case; they are neither proper nor necessary parties. But this is not so as to Levison & Co., who have not sued in Dougherty County, but in Sumter County, on some of the trade acceptances of John W. Shiver. They have not, therefore, placed themselves within the jurisdiction of the courts of Dougherty County so as to become amenable to their process. So, we are of the opinion that the superior court of Dougherty County has jurisdiction of Birdsall & Co., but not of Levison & Co., there being separate parties and separate causes of action; and therefore the judgment of the court below, holding that the superior court of Dougherty County had

jurisdiction of all the defendants, must be affirmed in part and reversed in part.

2. Having held in the preceding division of the opinion that the court did not have jurisdiction of Levison & Co., we are of the opinion that the court was right in sustaining the demurrer filed to the petition, and in dismissing it on account of misjoinder of parties and causes of action. Birdsall & Co. only sued in the city court of Albany on some of the trade acceptances; and it was sought to enjoin in the present action, not only Birdsall & Co., but Levison & Co., the latter having brought suit against John W. Shiver in the city court of Americus on some of the trade acceptances. Thus it will be seen that the causes of action are different and between separate parties; and therefore there was a misjoinder of parties and causes of action, and the suit for this reason should be dismissed. Of course, it is well settled that "where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code (1910), § 5914; *Jefferson Banking Co.* v. *Trustees,* 146 *Ga.* 383, 390 (91 S. E. 463) ; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (75 S. E. 418) ; *Blaisdell* v. *Bohr,* 68 *Ga.* 56 ; *First National Bank* v. *Wiley,* 150 *Ga.* 759 (105 S. E. 308). But the rule laid down in these cases does not apply to the facts of the present case. On the question of the petition in the present case having a misjoinder of parties and also being multifarious, see the following cases: *Stuck* v. *So. Steel &c. Co.,* 96 *Ga.* 95 (22 S. E. 592) ; *Osborne* v. *DeBoard,* 115 *Ga.* 599 (41 S. E. 985) ; *White* v. *North Ga. Electric Co.,* 128 *Ga.* 539 (58 S. E. 33) ; *Martin* v. *Brown,* 129 *Ga.* 562 (59 S. E. 302) ; *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454) ; *George W. Muller Co.* v. *So. Seating &c. Co.,* 147 *Ga.* 106 (92 S. E. 884) ; *Wilson* v. *Warde,* 149 *Ga.* 325 (100 S. E. 205) ; *Webb* v. *Parks,* 110 *Ga.* 639 (36 S. E. 70) ; *Shingleur Co.* v. *Swift,* 110 *Ga.* 891 (36 S. E. 222) ; *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E. 595) ; *Farmer* v. *Rogers,* 88 *Ga.* 162 (14 S. E. 188) ; *So. School Book Co.* v. *Ginn,* 135 *Ga.* 733 (70 S. E. 569) ; *Price* v. *Va.-Carolina Chemical Co.,* 136 *Ga.* 175 (71 S. E. 4).

*Judgment on main bill of exceptions affirmed; on cross-bill affirmed in part and reversed in part.*

*All the Justices concur, except Russell, C. J., dissenting.*

HINES, J., concurs in the result.