No. 53.—Elizabeth Nail, plaintiff in error, *vs.* Jesse Mobley, administrator, &c. and Morris Nail, defendants.

[1.] Where a complainant, in a bill, claims one general right to property in the possession of two defendants, notwithstanding that right may be derived from distinct sources, a demurrer for multifariousness will be overruled.

In Equity, in Appling Superior Court.   Decision on demurrer by Judge Hansell, June Term, 1850.

Elizabeth Nail, by her bill, filed in Appling Superior Court, charged, that her father, Reuben Nail, in the year 1822, executed and delivered to her a deed of gift to certain slaves named, which deed she believed had been destroyed by Morris Nail or Jesse Mobley; that she took possession of the negroes, occasionally permitting them to go into the possession of her father; that in 1840, her father executed another deed of gift, conveying to her a number of negroes and several tracts of land, a copy of which deed was attached to the bill; that she took possession of the land and negroes, and was in the actual or constructive possession of them at the time of the death of her father, in April, 1846; that complainant and Morris Nail were the only distributees of Reuben Nail; that a few months before his death, Morris Nail and complainant had a dispute about this property, and it was agreed between them, that after the death of said Reuben, there should be an equitable division of the property, according to certain conditions specified in a written agreement between them; that in pursuance of this agreement, they paid up the debts of said Reuben after his death; that in 1847, Jesse Mobley obtained letters of administration upon the estate of Reuben Nail, and in virtue thereof, took possession of all the negroes and lands specified, except those in the possession of Morris Nail— said Morris absolutely refusing to comply with his agreement for an equitable division.   The bill charged collusion and fraud between Morris Nail and the administrator, to deprive complainant of her property; and also that they were committing great waste in cutting and converting to their own use the timber upon the

Nail *vs.* Mobley and Nail.

lands specified; that they obtained possession of her property, by falsely representing that if she would permit the said Jesse to take possession of the same, they would make the equitable division before referred to; but instead of so doing, they were jointly converting the same to their own use.

But " should the Court decide against her title under the deed," the bill then alleged that she was well entitled to one half of the estate of Reuben Nail. The bill specified the property he died possessed of, and charged the same to be in possession of the administrator, except a portion which he fraudulently permitted the said Morris Nail to keep possession of—refusing to reduce the same to possession. In this aspect, the bill charged a joint waste and conversion of the property of the estate by the administrator and Morris Nail.

The bill charged the inability of complainant to prove the facts charged, without resorting to the conscience of the defendant.

The prayer of the bill was first, that the defendant, Mobley, might be decreed to deliver up the property conveyed in the deeds to complainant, and might account with her for the hire and rent, and also for the timber converted to his own use; or, that Morris Nail and the administrator might be decreed to account with each other and compelled to pay to complainant one half of the rents and profits of the estate, and that in the settlement, Morris Nail should account for all advancements made him, and that one half of the estate, real and personal, should be paid over and delivered to complainant; or, for general relief.

On demurrer, the Court dismissed this bill for multifariousness in joining several and distinct matters against the same party, and also in joining several and distinct matters against several defendants.

This decision was excepted to, and is now assigned as error.


W. B. GAULDEN, for plaintiff in error.


C. B. COLE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.]   The complainant in this bill alleges that she has a title
to certain property in the hands of the defendants, consisting of
lands and negroes, by virtue of a deed of conveyance, executed
to her by her father, Reuben Nail, who has departed this life in-
testate, and also claims one half of the estate of her deceased fa-
ther, in the hands of the defendants, who, she alleges, have *fraud-
ulently* combined together to deprive her of any share of the prop-
erty to which she is entitled under the deed of conveyance or
as the distributee of her deceased father, Reuben Nail, and for
that purpose, Jesse Mobley took out letters of administration on
the estate of her father, and is now colluding with her brother,
Morris Nail, to defeat her in the enjoyment of any portion of the
property, which it is alleged is in the possession of the defend-
ants, and which they are and have been appropriating to their
own use.    The defendants demurred to the bill for *multifarious-
ness,* which demurrer was sustained by the Court below, and the
bill dismissed.    What is multifariousness in a bill in Equity?
It is the improperly joining in one bill *distinct* and *independent*
matters, and thereby confounding them—as for example, the
uniting in one bill of several matters perfectly *distinct* and un-
connected against one defendant, or the demand of several mat-
ters of a *distinct* and *independent* nature against several defend-
ants in the same bill.    *Story's Equity Pleading,* 224, §271.

The complainant here claims one general right against the de-
fendants.    She claims that right, it is true, under the deed, and
as the heir at law of her deceased father.    All she claims of the
defendants is, that they may be decreed to account with her for
the land and negroes in their possession, to which she claims to
be the owner, deriving her title thereto from two distinct sources,
and the question on the trial will be, has she established her title
to the whole of the property described in her bill, under the deed,
or has she only established her title to one half of it, as the heir
at law of Reuben Nail, deceased?    In either event, she will be
entitled to an account from the defendants, to the extent of her

right.   We do not perceive any difficulty or inconvenience which will arise in compelling the defendants, who are alleged to have her property in possession, from answering her allegations and accounting with her therefor.   Courts of Equity do not favor this objection of multifariousness, as this Court has already announced, in *Warthen vs. Brantly & Daniel*, 5 *Georgia Rep.* 573.   We overruled a demurrer for multifariousness in that case, and in *Butler vs. Durham*, (2 *Kelly*, 413,) and shall continue to do so, unless some *practical inconvenience* will manifestly be the result of maintaining the bill in Court.   It is the interest of parties, as well as the interest of the  public, that all matters in controversy between them should be settled by one  suit, when it can be done ·with safety and without great practical inconvenience.

Let the judgment of the Court below be reversed.