JAMES T. MOORE *et al.*, plaintiffs in error, *vs.* M. A. E. R. HILL *et al.*, defendants in error.

1. Where a vendee holding bond for titles with the purchase money partially paid, has, by equitable plea to an action of ejectment for a part of the premises brought against him by the vendor, litigated the vendor's right to collect the balance, and the right has been established by decree in that litigation, and execution has been issued and levied accordingly, injunction will not be granted to restrain

the collection, the bill alleging no material fact additional to the facts which were, or might have been, set up by the plea.

2. Where interpleader is sought, the case made should not only be appropriate, but the bill should be filed before either claimant of the fund has had his right thereto established by judgment.

3. When a deed conveying land is executed out of this state, it may be attested by a judge of a court of record who is clerk of his own court, and he may, as clerk, certify under the seal of the court to his attestation as judge.

4. Where a bill for injunction is multifarious by reason of joining complainants whose titles to relief are wholly disconnected, and to whom the mode and measure of relief, beyond injunction, would not be dependent on the same facts, a denial of the injunction is not error.

5. For a contract and the defendant's inability to comply with it, to be a ground for injunction, the date and terms of the contract ought to appear.

Injunction.   Equity.   *Res adjudicata.*   Interpleader. Deeds.   Evidence.   Multifariousness.   Before Judge Underwood.   Floyd County.   At Chambers.   November 5th, 1877.

Report unnecessary.

HAMILTON YANCEY; J. BRANHAM, by brief, for plaintiffs in error.

WRIGHT & FEATHERSTON, for defendants.

BLECKLEY, Judge.

1. Mrs. Hill sold land to Moore, giving bond for titles. The purchase money being only partially paid, litigation took place between them, which resulted in a decree in her favor against him for the balance. Injunction is now prayed for to restrain the collection of that decree by a sale of the land under execution. But no equity is alleged in the bill which was not, or should not have been, set up and urged in the prior litigation. No good reason is apparent why the controversy should not be treated as finally terminated. 58 *Ga.,* 388, 293.

2. In so far as the bill seeks to coerce interpleading be-tween adverse claimants, it comes too late to benefit Moore. He should not have waited until Mrs. Hill, one of the claimants, had recovered judgment.   56 *Ga.*, 534.

3. The deed filed by Mrs. Hill before levying upon the land was executed in Florida, attested by a judge of a court of record in that state, and the judge, as clerk of his own court, certified to the attestation under the seal of the court.   This mode of authenticating the attestation is objected to as insufficient.   The same person was both judge and clerk.   This being the case, the terms of our statute were literally complied with.   Code, §2706.

4. Besides Moore, there are two other complainants in the bill, to wit : Hargrove and Malcom, both of whom unite with him in the prayers for interpleader, injunction and general relief.   Their grievance is that one of the lots pur-chased by Moore from Mrs. Hill is in possession of Mal-com under a bond for titles from Hargrove, who has pur-chased the same from Mrs. Hill, and that she has not made a title to Hargrove and cannot make him a good title.   It does not appear whether Hargrove's purchase took place before Moore's or afterwards, and no connection whatever between the two purchases or the two purchasers is alleged. The transactions seem quite distinct, and why both matters are brought together in the same bill is wholly unexplained. The bill is thus multifarious (2 *Kelly*, 419 ; 5 *Ga.*, 573) and for that reason, were there no other, the injunction was properly denied.

5. A further conclusive reason against any injunction be-ing granted at the instance of Hargrove and Malcom is, that the contract of purchase by Hargrove is not set out. Neither its date nor any of its terms are stated.   No price is specified, no terms of payment, no undertaking to make a title, nothing but the bald generality that he purchased.

Judgment affirmed.