WEBB *et al. v.* PARKS, administrator.

Persons whose alleged interests in lands advertised for sale by an administrator are antagonistic, and who file separate and independent claims thereto, can not, merely because they are insolvent, be properly joined as codefendants to an equitable petition brought by the administrator, praying that the prosecution of the claims be enjoined, that a receiver be appointed to take charge of the lands

pendente lite, and that the conflicting claims of title be adjudicated and settled by the judgment to be rendered upon such petition.

Submitted March 14, — Decided May 12, 1900.

Injunction and receiver. Before Judge Gober. Gilmer superior court. December 21, 1899.

*Clay & Blair* and *J. P. Perry,* for plaintiffs in error.

LUMPKIN, P. J. This was a petition by R. P. Parks, as administrator of the estate of M. M. Parks deceased, against Mary E. Webb and M. M. Barnes. The petition made, in brief, the following case: The administrator had obtained from the court of ordinary an order authorizing him to sell several lots of land belonging to the estate of the intestate. These lands were duly advertised for sale on the first Tuesday in December, 1899. Mary E. Webb, one of the defendants, filed a claim to several of the lots. M. M. Barnes, the other defendant, filed a claim to all of the lots. Each claimed separately and independently of the other. Both claims were returnable to the May term, 1900, of the superior court. Defendants are insolvent. The prayers of the petition were, that a receiver be appointed to take charge of the lands and hold the same under the direction of the court, that the defendants be enjoined from prosecuting the claim cases, and that their rights in the premises be determined by the judgment to be rendered upon this petition. The defendants filed separate demurrers in which they set up that the petition was not maintainable, because it showed on its face that the claims filed by them were separate and distinct; that they were different persons, claiming independently of each other; that their interests in the lands were several; and that, for these reasons, they could not be joined in the same action. At the hearing before the judge, the demurrers were considered in connection with the application for an injunction and the appointment of a receiver. His honor, being of the opinion that the demurrers were not well taken and acting upon the case as presented by the evidence, appointed a receiver and granted an injunction as prayed in the petition. To this the defendants excepted.

We have no hesitation in reaching the conclusion that there

was a misjoinder of parties defendant. There is no allegation that the defendants have any common interest in the lands in dispute, or that there was any collusion between them. Nor does the petition set forth any fact showing a necessity for joining these defendants in the same action. Indeed, it distinctly appears that there is no bond of union between them save the fact that both are poor. So far as can be gathered from the petition, their interests in the subject-matter in controversy are directly antagonistic, and it does not appear that the issue or issues involved in the dispute between either claimant and the plaintiff is or are identical with the issue or issues to be determined in the controversy between the plaintiff and the other claimant. On the contrary, the petition itself strongly indicates that the questions to be adjudicated in one of the claim cases would necessarily be different from those to be disposed of in the other. Evidently, the two claimants do not stand on the same ground or plant their respective contentions upon propositions of law or fact which they have a common interest in maintaining against the plaintiff.

This case differs widely from that of *Smith* v. *Dobbins,* 87 *Ga.* 303. There several executions, in favor of different creditors of a common debtor, were levied on land as his property; a third person claimed as against them all, and it appeared that the several claim cases all involved "the same question," and that it was one "upon the decision of which the subjection or non-subjection of the property to all the executions" depended. Accordingly, it was held, and we think properly, that the claimant could, by filing an equitable petition, "bring to trial all of the claims together." He had identically the same contention to make against each and every plaintiff in execution, and they were jointly interested in defeating that contention. The decision in that case and the authorities cited in the opinion rest upon the principle that when there is "one common right in controversy," which several persons have a joint interest in establishing against one person, or which one person has the right to assert against several, equity may intervene and have the whole matter determined in one action, notwithstanding there may be no privity of law or estate between the several persons

thus jointly interested in the subject-matter of the controversy. When, however, a number of persons are at variance amongst themselves as to their alleged rights with respect to particular property, each claiming antagonistically to all the others, and there is no " community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief " which they, respectively, and each for himself demands, equity will not compel them to consolidate and engage in a pell-mell struggle. In other words, if we may borrow a warlike illustration, it would not be just or fair to constrain soldiers at enmity with each other to fight side by side against a common foe, nor to allow the latter the advantage of having the attention of his adversaries diverted from attacks they might successfully make upon him by pressing distractions and causes of quarrel among themselves. We are clear that each of the claimants in this case has a right to have his individual and independent claim of title against the plaintiff tried separately, without being burdened with the trial of any other issue; and it follows that the court erred ·in not holding that the demurrers were well taken, and consequently in not denying the prayers for the appointment of a receiver and the granting of an injunction.

*Judgment reversed. All concurring, except Fish, J., absent.*