## WHITE et al. v. NORTH GEORGIA ELECTRIC COMPANY et al.

1. If a petition for injunction and other relief is multifarious and an ob- jection is properly made, urging multifariousness as a reason why the prayers should not be granted, it is erroneous for the court, upon such petition, to grant an injunction and render a judgment finding the defendants in contempt of court for violating a former injunction de- clared upon in the suit.
2. A petition which embraces two claims by separate and distinct parties against separate and distinct parties, where there is no common right. to be established, is multifarious.
3. The allegations of the petition in this case were of such character as to render the petition multifarious. Appropriate objection being taken thereto, it was erroneous for the court, irrespective of any other ques- tion involved, to grant the injunction and adjudge the defendants in contempt of court.

Argued December 20, 1906.—Decided June 15, 1907.

Equitable petition.    Before Judge Kimsey.    Rabun superior· court.   August 31, 1906.

Litigation about the title and possession of the land involved in this case arose in 1884, between Bleckley and Cannon on one side and White and Young on the other.   See 92 *Ga.* 164; 98 *Ga.* 594; 105 *Ga.* 173; 114 *Ga.* 155.   In August, 1896, a verdict and decree were rendered, that Bleckley et al. were entitled to posses--

·sion as against White et al., and that the latter be enjoined from interfering with such possession and from trespassing on the land. Bleckley et al. went into possession, and in 1902 they conveyed the 'land to Charters, who in 1904 conveyed it to the North Georgia Electric Company. This company claims to have been in exclusive and uninterrupted possession of the land save for a short time in the autumn of 1905, when its tenant removed temporarily on account of bad repair of the house. About this time White ·executed a deed of conveyance of the land to Magid, who made a ·quitclaim deed to Prentiss, and also procured one Demore to go into possession. A warrant having been sued out, under which Demore was arrested and bound over, the Electric Company caused ·Crisson, Poore, and Lockeby to go into possession and begin work on the house. Demore sued out forcible-detainer proceedings against the three last named; whereupon a petition was filed in behalf of the Electric Company and these three as its agents, showing the foregoing facts, and praying: for injunction against further trespassing or taking possession by· White, Magid, Demore, and Prentiss, and against further prosecution of the forcible-detainer proceedings; for cancellation of the deeds from White to Magid ·and from Magid to Prentiss; that the defendants be attached for ·contempt in violating the injunction of August, 1906; for decree vesting the title in the Electric Company; and for general relief. The defendants answered, and interposed demurrers setting up misjoinder of parties and causes of action, and that the petition was multifarious. An injunction was granted, and White and Magid were held to be ·in contempt. The defendants excepted.

Spencer R. Atkinson, Brown & Randolph, J. J. Bowden, and R. E. A. Hamby, for plaintiffs in error. H. H. Dean, contra.

ATKINSON, J. 1, 2. As a general rule, distinct and separate claims of or against different persons can not be joined in the ·same action. Civil Code, §§4938, 4946. In equity where there is a common right to be established by or against several and one is asserting the right against many or many against one, equity will determine the whole matter in one action. Civil Code, §4846. Equity is ancillary, but never antagonistic to the law. Civil Code, §3923. The sections of the code above referred to are entirely in harmony. The claims are not separate and distinct where there is a common right to be established by several against one or more.

The contrary is true if no common right is involved and if there is no community of interest between the parties suing. The common right referred to may consist of a joint interest in the cause of action declared upon, or of separate interests in the particular subject-matter of the suit. An example of the first class would be a suit upon a promissory note payable to several persons, instituted by the several payees because each has an interest in the note and is entitled to collect it. An example of the second class would be a suit by several creditors having distinct and separate claims against an insolvent debtor, instituted for the purpose of marshaling assets of the debtor. In such case there is no joint ownership of the several claims asserted against the insolvent debtor, but all are interested in the disposition to be made of his property. It may be said that where several sue jointly, if there be not a joint interest in the claim declared upon or a common right in the object sought, the claims will be separate and distinct, and can not be joined. With an improper joinder of causes of action, the suit will be multifarious.

The doctrine of multifariousness is ably discussed by Mr. Justice Fish in *Conley* v. *Buck,* 100 *Ga.* 187, and "the common-right," test applied. There it is said: "An equitable petition by a judgment creditor against the defendant in execution and others alleged, in substance, that they had all entered into a conspiracy to defeat the collection of the debt upon which the judgment was founded, that the common object of all the conspirators was to 'hide' and 'cover up,' in the names of the conspirators other than the defendant in execution, property which really belonged to him, and that in pursuance of this object various deeds had been executed purporting to convey specified parcels of realty to these conspirators, which in fact belonged to the judgment debtor; the particulars in each instance being set forth. The petition prayed for the cancellation of the various conveyances which were, for the reasons stated, alleged to be fraudulent; and for a judgment subjecting all the property to the petitioner's execution. *Held,* that this petition was not demurrable as failing to set forth an equitable cause of action, nor as being multifarious, nor for want of sufficient fulness in stating wherein the alleged fraudulent acts of the several defendants consisted." So also in *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, the subject was considered. Mr. Jus-

tice Fish, again speaking for the court, said (p. 988) : "It is not true that since the passage of the uniform procedure act of 1887, multifariousness is no longer a ground of demurrer to an equitable petition. That act allows the joinder of equitable and legal causes of action in one suit, but an equitable petition that would have been demurrable for multifariousness in joining separate and distinct causes of action against different defendants, prior to the passage of that act, is still demurrable on such ground." Numerous other illustrations of the "common-right" test may be found in the decisions on the subject of multifariousness cited in 9 Michie's Dig. Ga. R. 472-4. If there is a common right and the court of equity takes jurisdiction, there is no limit to which the court will not go in order to do complete justice, but where there is no common right, equity will not, for any purpose, entertain a suit wherein separate and distinct parties with separate and distinct claims unite against one or more parties. The statutes simply prohibit the joining of such claims in one suit. If a suit be defective because of such multifariousness, it is demurrable; and if objected to by appropriate demurrer, it is error to grant an injunction and adjudge certain of the defendants in contempt of court for a violation of an older injunction. See, in this connection, *Webb* v. *Parks,* 110 *Ga.* 639; *Moore* v. *Hill, 59 Ga.* 760.

3. The case before us furnishes an example of multifariousness. After amendment the plaintiffs are the North Georgia Electric Company and Crisson, Poore, and Lockeby. The defendants are White, Magid, Prentiss, and Demore. The plaintiffs Crisson, Poore, and Lockeby are not interested in any relief against any of the defendants, except Demore. The only relief sought against him by Crisson, Poore, and Lockeby is an injunction to stay the prosecution of a certain forcible-detainer proceeding, regularly sued out under the statute and pending in the justice's court. There were no parties to that proceeding except Crisson, Poore, and Lockeby as defendants, and Demore as plaintiff. The right of no other person was involved in that litigation, and the result obtained therein could not by any possibility have affected either the plaintiff, the North Georgia Electric Company, or the defendants, White, Magid, or Prentiss. If that proceeding could be enjoined, there were no other necessary or proper parties for the accomplishment of such a purpose than Crisson, Poore, and Locke-

by as plaintiffs and Demore as defendant. With respect to that subject-matter the North Georgia Electric Company may have been stricken from the pleadings, and all allegations relating to matters between the North Georgia Electric Company on the one hand, and White, Magid, and Prentiss on the other, may have been stricken, and a complete case would have been left for determination by the court, to wit, the application for injunction by Crisson, Poore, and Lockeby against Demore. This claim between these parties was separate and distinct and could not be joined in the same suit with another claim between other parties, concerning a different subject-matter. The North Georgia Electric Company was not concerned with the injunction sought against the prosecution of the forcible-detainer proceeding instituted by Demore. It was wholly immaterial whether in that case Demore should win or lose. The judgment would not affect that company in the least. Its claim was against White, Magid, Prentiss, and Demore, with respect to entirely different matters. Concerning this claim it was alleged, that the North Georgia Electric Company held title to certain land under a chain of title extending back to Bleckley et al.; that while the land was owned by Bleckley, a controversy arose over the title between Bleckley and White, which resulted in the recovery of the land by Bleckley and the grant of a permanent injunction against White, enjoining all future interference with Bleckley's possession; that in order to avoid the effect of the injunction, White sold to Magid and Magid sold to Prentiss, and that they had all combined and confederated for the purpose of defeating the injunction, and, so combining, had employed Demore, as a mere agent, to go and enter upon the posession of the property. The prayer was for injunction against White, Magid, Prentiss, and Demore, seeking to enjoin them from interfering with the possession of the North Georgia Electric Company, and likewise for a cancellation of the deed from White to Magid and the deed from Magid to Prentiss as clouds upon the title of the North Georgia Electric Company, and likewise to punish all for a contempt of court in violating the first injunction obtained by Bleckley against White, to which reference has already been made. In this claim there is no possibility by which Crisson, Poore, and Lockeby could have had any interest. Whatever be the relief to which the North Georgia Electric Company may be entitled against

White, Magid, Prentiss, or Demore with respect to the subject-matters alleged, it was wholly separate and distinct from the in-junction sought by Crisson, Poore, and Lockeby, and was entirely independent of Crisson, Poore, and Lockeby. If all reference to the claim for injunction sought by Crisson, Poore, and Lockeby were eliminated from the case, it would still leave pending in court all of the essentials of a case between the other parties, upon which the court could proceed. There would be the North Georgia Electric Company as plaintiff, and White, Magid, Prentiss, and Demore as defendants, with a proper subject-matter for adjudication by the court. In other words, there would be another separate and distinct claim. It is thus seen that in this one suit there are two separate and distinct claims by separate and distinct parties without any common right. The court not only granted the injunction, but also adjudged some of the defendants in contempt of court for a violation of the injunction described in the plaintiff's petition. We have already seen that if a suit is multifarious and is properly objected to upon that ground, the court should not in such suit grant an injunction and enter a judgment absolute upon a rule as for a contempt of court, declared upon in the suit. The suit in this case is multifarious, and the judgment of the court with respect to both matters should be

*Reversed. All the Justices concur.*