SOUTH GEORGIA TRUST COMPANY *et al. v.* BARLOW *et al.*

ATKINSON, J.  1. If a tenant in possession executes a note for rent of a farm for a year, and subsequently in the year the land is sold under a power of sale in a security deed executed by the landlord, and after the sale before expiration of the term the tenant while in possession attorns to the purchaser (*Hines* v. *Lavant,* 158 *Ga.* 336 (3), 123 S. E. 611) under a contract to pay the purchaser rent for the same year, which contains a warranty by the purchaser, "that should any litigation arise over the title or possession of said land to which first party is made a party, that second party will defend the same, and second party warrants and will defend the possession, use, and title of said premises, as against all other claims," such warranty will apply as against a claim for rent by the original landlord; and where after maturity of the rent note the original landlord institutes statutory proceedings to distrain for the amount of the note, the tenant may, in virtue of his contract, call upon his warrantor to defend the action.
2. If after commencement of the proceedings by the original landlord the warrantor institutes separate statutory proceedings to distrain for rent for the same year under his contract with the tenant, the latter may, on the basis of the warranty, maintain an equitable action against the original landlord and the warrantor to enjoin further prosecution of the statutory proceedings, and to compel them to set up their respective claims in the equity suit, in order to afford the tenant full protection under his warranty against payment of double rent.
(a) If the petition alleges a case as indicated above, and an offer to pay into court the amount of rent for the year, and an allegation that both the original landlord and the warrantor are insolvent, it will set forth an equitable cause of action as against a general demurrer.
(b) The petition will also be good as against a demurrer complaining of misjoinder of parties defendant and improper joinder of separate causes of action.

(c) The case differs from *White* v. *North Georgia Electric Co.*, 128 *Ga.* 539 (58 S. E. 33), where there was no connection between the claims such as alleged in this instance on the basis of the contract of warranty. The rulings here made are in harmony with the principles announced in that case.

3. Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code, §§ 6540, 5527. In the circumstances stated in the preceding notes, such substantial equitable relief was prayed against the original landlord, who resided in the county where the equitable suit was brought, as would draw to that jurisdiction the warrantor, who resided in another county in this State. The judge did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*

No. 7629. February 12, 1931.

168

*W. S. Mann,* for plaintiffs in error.

*H. W. Nalley* and *W. B. Kent,* contra.