TALIAFERRO *v.* BANK OF ARLINGTON *et al.*

No. 8256.   June 11, 1931.

*Lowrey Stone,* for plaintiff.

*H. A. Wilkinson* and *J. M. Cowart,* for defendant.

Gilbert, J.   Taliaferro filed suit against Bank of Arlington, praying that the defendant be enjoined from selling described land under foreclosure proceedings. The bank held a security deed executed by petitioner, which purported to secure the payment of borrowed money evidenced by a promissory note. The petition sets out in great detail a long series of transactions between petitioner and defendant. In the main these transactions purport to evidence

small loans, notes for which were made payable in the future, interest to begin at maturity, and varying amounts of money being deducted from the face of the note to cover interest, the balance being applied to payment of previous notes and as deposits to the credit of petitioner. The petition alleges that in practically all of these transactions usurious rates of interest were charged, the petition setting out in detail the amount of interest reserved at the time the transactions were closed, as well as the amount of interest which the bank was legally entitled to reserve. Petitioner alleges that on a correct calculation of the exact amount of money received by him from the bank, with legal interest added, and the amount of money that he has repaid the bank, it will be shown that his entire indebtedness has been discharged, and that at the time of the filing of the suit he was not indebted in any sum to the bank; but that if the court should find otherwise, petitioner is ready and willing to pay said bank any sum that the court may find or decree to be due it by petitioner, and he offers to do equity. He alleges also that the note and security deed represent a part of a series of transactions all so connected one with the other as to make a continuous course of dealing, and that said last note is a conclusion of transactions, making the usury in the former notes enter into and make usury on the last-named note. The defendant demurred to the petition on several grounds. The court sustained the general demurrer and dismissed the petition. The plaintiff excepted.

The allegations of the petition being considered as true for the purposes of demurrer, a cause of action was set out. The court erred in sustaining the general demurrer and dismissing the petition.            *Judgment reversed. All the Justices concur.*