DEKLE *et al. v.* BANK OF DAWSON *et al.*

No. 9954.   June 16, 1934.

*H. A. Wilkinson* and *Henry Wilkinson,* for plaintiffs.

*M. C. Edwards* and *Tom Edwards,* for defendants.

PER CURIAM. The lands and the crops which were the subject-matter of the suit formed a common res as to which the plaintiff sought relief against each defendant. The petition therefore was not multifarious. It stated a cause of action against all defendants for partition, and for an accounting for plaintiff's undivided interest in the crops which were delivered to the bank to be applied on the debt of the other tenants in common. The petition thus stated a cause of action for some of the relief prayed for. The court erred in dismissing it on the ground that it failed to set forth a cause of action, or on the ground that it was multifarious.

*Judgment reversed. All the Justices concur, except*

HUTCHESON, J., dissenting. "Distinct and separate claims of or against different persons can not be joined in the same action." Code (1910), § 5515. In equity, where there is a common right to be established by or against several, and one is asserting the right against many or many against one, equity will determine the whole matter in one action. § 5419. This ruling of law is sound, and applies to any cause where there is a common right involved, but a community of interest must be shown. A petition which embraces two claims or more by petitioner against separate and distinct parties, where there is no common right or community of interest, is multifarious. *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33). Where separate and distinct causes of action against different defendants are set forth, the petition is subject to demurrer on the grounds of multifariousness and misjoinder of parties. *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (48 S. E. 380). In the instant case the Bank of Dawson obtained security deed from certain of the named defendants in 1930, said deed conveying to the bank their interest only, and not that of petitioners; yet the petitioners pray that the Bank of Dawson, together with other defendants, be required to make an accounting for receipts and expenditures from the year 1919 to date. With this issue the Bank of Dawson could have no concern whatever. Petitioners also set up certain payments which they claim were received by the Bank of Dawson; but special demurrer was interposed upon the ground that this plea of payment is not specific, does not allege how such payment was made, nor to whom nor at what time. The plain-

tiffs rely strongly on *Taliaferro* v. *Bank of Arlington,* 172 *Ga.* 872 (159 S. E. 260); but that decision has no bearing upon the instant case, in that it was an issue between plaintiff and defendant upon a contract between them, while in the instant case there is no contract or privity of contract alleged between petitioners and the Bank of Dawson. Since the petition prays for partition against certain defendants, for an accounting against all the defendants, and for injunction against only one of the defendants, it is clearly a misjoinder of parties and multifarious.