18823. CHISEN *et al.* v. SAMPECK *et al.*

SUBMITTED JANUARY 12, 1955—DECIDED FEBRUARY 16, 1955.

*R. F. Duncan,* for plaintiffs in error.

*Hubert C. Morgan,* contra.

CANDLER, Justice. (After stating the foregoing facts.) It is argued in the brief of the plaintiffs in error that the defendants' demurrers were meritorious and for this reason it was error for the trial judge to grant an interlocutory injunction. One ground of demurrer which the defendants urged at the interlocutory hearing was that the petition, though brought in two counts, was multifarious; and this being so, an interlocutory injunction should not be granted. This position was well taken. While it is permissible for a plaintiff to embrace several causes of action in one petition in different counts, yet all of them must be of a similar nature. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (38 S. E. 91); *Gainesville &c. Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983); *Peterson* v. *Lott,* 200 *Ga.* 390 (37 S. E. 2d 358). A cause of action arising ex contractu and one arising ex delicto are not of the same nature and cannot, except in cases of insolvency or non-residence of the defendant be joined in the same suit, even in different counts. Code § 3-113; *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251 (60 S. E. 569); *Herring* v. *Smith,* 141 *Ga.* 825 (2) (82 S. E. 132); *Martin* v. *Newberry,* 169 *Ga.* 676 (151 S. E. 380); *Quitman Cooperage Co.* v. *People's First Nat. Bank,* 178

*Ga.* 90 (172 S. E. 17). Multifariousness is defined in *Nail* v. *Mobley,* 9 *Ga.* 278, 280, as "improperly joining in one bill distinct and independent matters, and thereby confounding them—as for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." For a like definition, see *Martin* v. *Brown,* 129 *Ga.* 562 (59 S. E. 302), where it is also said: "In a suit for equitable relief the union of distinct causes of action, one arising out of tort, and the other based on contractual liability, renders the petition multifarious." Applying the quoted definition, the petition in the instant case must be held to be multifarious. An analysis of the petition as a whole shows that the plaintiffs rely for their cause of action in count one on the breach of a written contract, and in count two on a tort from which a continuing nuisance flows, and there is no allegation in the petition of insolvency or of non-residence of either defendant. Consequently, the plaintiffs have united in one petition, but in different counts, an action ex contractu and an action ex delicto, the two being, of course, dissimilar in nature. And it is well settled by the decisions of this court that, if a suit is defective because of multifariousness, it is demurrable; and if objected to by appropriate demurrer, as in this case, it is error to grant injunctive relief on such a petition. *Moore* v. *Hill,* 59 *Ga.* 760; *Webb* v. *Parks,* 110 *Ga.* 639 (36 S. E. 70); *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33); *Martin* v. *Brown,* supra. In the case last cited, it was said: "An injunction will not be granted to preserve the status upon which to decree relief upon the various unrelated matters which render the petition multifarious." Since the suit here is multifarious, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur.*