20825. PRIVETTE *et al. v.* CHRISTIAN *et al.*

HAWKINS, Justice. The petition in this case as amended is in two counts; count 1 sounding in tort, for fraud and deceit, based upon the alleged breach of a written contract by two of the defendants, and to which contract the other three defendants were not parties, and a conspiracy thereafter entered into by the two defendants who were parties to the contract and the three other defendants, to cheat and defraud the plaintiffs by false, fraudulent, and deceitful representations to the injury and damage of the plaintiffs in the sum of $175,000 as actual damages, and $100,000 as punitive damages. By count 2 the plaintiffs seek to establish a resulting trust, and ask for an accounting, based upon the same allegations as to breach of a written contract by two of the defendants, and false, fraudulent, and deceitful representations by these two and three other defendants, who, subsequently to the alleged breach of contract by two of the defendants, are alleged to have conspired to defraud the plaintiffs of a certain radio broadcasting station and business. To this petition the defendants specially demurred on the grounds, among others, that both counts of the petition were multifarious, and contained a misjoinder of causes of action and parties defendant. *Held:*

1. Improperly joining in one bill distinct and independent matters, and thereby confounding them, such as the uniting in one bill of several matters perfectly distinct and unconnected against some of the defendants, or the demand of several matters of a distinct and independent nature against several defendants in the same bill, renders it multifarious. *Nail v. Mobley,* 9 *Ga.* 278, 280. "In a suit for equitable relief the union of distinct causes of action, one arising out of tort, and the other based on contractual liability, renders the petition multifarious." *Martin v. Brown,* 129 *Ga.* 562 (2) (59 S. E.

302). See also *Chisen* v. *Sampeck*, 211 *Ga.* 382 (86 S. E. 2d 210).

2. Applying the foregoing ruling to the petition in this case, the trial court properly sustained the special demurrers thereto, and this ruling being controlling, other grounds of the demurrer need not be considered.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1960—DECIDED APRIL 7, 1960.

*Reuben A. Garland, F. L. Breen, Reuben A. Garland, Jr.,* for plaintiffs in error.

*A. J. Henderson, Henderson & Pope,* contra.

