25810. COOK et al. v. AUL et al.

ALMAND, Chief Justice. This appeal is from an order overruling a motion to dismiss for lack of jurisdiction as to two defendants in an equitable proceeding. Substantial relief was prayed against the resident defendant and the two defendants who resided in counties other than where the action was instituted.

Clyde Aul and Roger A. Kohl filed their complaint in Fulton Superior Court on November 19, 1969, naming as defendants, Ray O'Neal, as an individual and doing business under the name of O'Neal Investment Company, a resident of Fulton County, and Jackson Cook, a resident of DeKalb County, and Thomas G. Callaway, Jr., not a resident of Fulton County. As amended, the petition consisted of 4 counts. In substance it stated the following: In February, 1969, the plaintiffs and defendant O'Neal entered into a joint venture in the assemblage and sale of rights to develop shopping centers in Pensacola, Florida and Macon, Georgia. They jointly became obligated on a note for $50,000, which sum was borrowed to finance both projects. On August 23, 1969, the Pensacola project was closed and the sum of $41,800 received, with the agreement of the plaintiffs and defendant O'Neal that said sum was to be used solely for payment on the $50,000 note. Notwithstanding this agreement the defendant placed the $41,800 in his personal checking account. On September 16, 1969, the plaintiffs and defendant O'Neal terminated their joint venture and O'Neal assumed liability for an indebtedness of $19,830.66 arising out of the Macon project. In the written agreement of September 16, 1969, the plaintiffs assigned to the defendants O'Neal and Cook all of their interest in the Macon project on the agreement of Cook to indemnify the plaintiffs in the sum of $19,830.66; $27,230 of the proceeds for the Pensacola project was used to purchase a described tract of land in Bibb County by the O'Neal Investment Company, who conveyed it to the defendants Cook and Callaway. These two defendants had actual personal notice that the purchase of the tract of land by O'Neal Investment Company was from funds pledged to pay the indebtedness of $19,830.66, which O'Neal had agreed to hold the plaintiffs harmless; and that they also had notice that the defendant Cook, acting for

himself and Callaway, had agreed to indemnify the plaintiffs.

The prayers were for a money judgment against the defendants, O'Neal, Cook and Callaway, jointly and severally; for a special lien against the Bibb County tract of land; and for injunctive relief. A rule nisi was issued requiring the defendants to show cause on December 19, 1969, why the prayers of the plaintiffs for an interlocutory injunction should not be granted. Service of the petition and order was made on the defendant O'Neal and service acknowledged by the defendants Cook and Callaway.

On the hearing of the application for a temporary restraining order, the defendant Cook appeared in person and as attorney for the defendant Callaway and requested the court in issuing the temporary injunction to provide that certain rights of Cook and Callaway be protected. That on the hearing on December 19, 1969, as appears from the order granting an interlocutory injunction, the defendants Cook and Callaway, though they had not filed any pleading in the case, appeared in person and by counsel on the hearing. The court made a finding of fact and conclusions of law. One of the findings was: "The court further finds as a fact that, since on or about August 30, 1969, the defendant O'Neal has made substantial transfers to defendants Cook and Callaway in their individual names or partnership names utilized by them, which transfers were accepted by defendants Cook and Callaway with actual knowledge of defendant O'Neal's indebtedness arising out of said O A K Macon project and of his conversion of said $41,800. That included in said transfers were transfers of certain real property, including a specifically described small tract in Bibb County, Georgia, which was purchased at least in part by O C C assets which had been received in the division of O A K assets," and enjoined "the defendants Ray O'Neal, Thomas G. Callaway, Jr., Jackson Cook, 'Thomas G. Callaway, Jr. and Jackson Cook, an equal partnership,' 'C & C Associates, an equal partnership,' and 'John Doe' (which includes any name under which defendants Callaway and Cook have taken title to any property, real or personal transferred to them jointly or severally by the defendant Ray O'Neal), and any other person or persons acting in concert with them or with any one of them

with respect to the above findings or fact and conclusion of law are, and shall be, hereby restrained and enjoined as follows: (a) From eloigning away, concealing, transferring, hypothecating or in any other way or manner disposing of or changing title to any stock, securities, negotiable or assignable instruments or any other indicia of title to any property now held by them, or any of them, which property formerly was held or owned, either legally or equitably, by the partnership O'Neal-Aul-Kohl, Developers, or any of individuals constituting said partnership, to wit: Ray O'Neal, Clyde Aul and Roger A. Kohl, or which property constitutes the proceeds of any sale, transfer or any other disposition whatsoever of the property of said partnership or its individual partners." There was no appeal from this order.

Subsequent to this order the defendant Cook filed his plea to the jurisdiction on January 5, 1970, asserting he was a resident of DeKalb County, and on the same day Callaway filed his plea to the jurisdiction, alleging he was a resident of Newton County.

Cook and Callaway made motions to dismiss the case as to them on the ground that the court had no jurisdiction, they being nonresidents of the county. After a hearing the court denied the motions and certified an immediate, direct appeal.

The appellants concede, and rightly so, that the petition prays for substantial legal and equitable relief against the defendant O'Neal, a resident of Fulton County.

We need not consider the question as to whether the defendants, by their appearance in person and by counsel on the hearing of the grant of a temporary restraining order and on the hearing of the prayers for an interlocutory injunction, waived the jurisdiction over them; because we are of the opinion that the amended petition shows that they are not only proper parties, but necessary parties to the relief the plaintiffs seek against the defendant O'Neal. The conclusion of fact and law of the trial judge in his order granting the interlocutory injunction on December 29, 1969, which we quoted above, is binding upon the appellants, and demonstrates why they are proper and necessary parties to the case. *McHenry* v. *McHenry*, 152 Ga. 105 (108 SE 522); *South Ga. Trust Co. v. Barlow*, 172 Ga. 166 (3) (157 SE 326).

It was not error to overrule the appellants' motion to dismiss the case as to them on the ground that they were not residents

of Fulton County and not subject to the jurisdiction of the court.

*Judgment affirmed.   All the Justices concur.*

SUBMITTED MAY 12, 1970—DECIDED JUNE 9, 1970.

*Swift, Currie, McGhee & Hiers, Glover McGhee, Clayton H. Farnham,* for appellants.

*Roy J. Leite, Jr.,* for appellees.