# W. E. DAVIS and Another v. JAMES FORRESTAL and Others.[1]

December 12, 1913.

Nos. 18,239—(85).

**Injunction against subcontractors to avoid multiplicity of suits.**

The contractors for the construction, under the drainage statutes, of a judicial county ditch and their surety who have been sued by the subcontractors for a balance due, bring this action against the subcontractors, the latter's surety, the county, and two owners of land adjacent to the ditch, who have threatened to sue plaintiffs for flooding their lands, to enjoin the subcontractors and each defendant from maintaining or bringing any action against plaintiffs on account of the ditch construction and to have the various claims of the parties determined, alleging that the failure of the subcontractors to complete their contract is alone the cause of the injury to the landowners. *Held:*

(1) The contractors do not show irreparable injury nor that their remedy at law is inadequate nor does the plaintiff surety show any cause of action.

(2) The sole ground for enjoining defendants from suing being to avoid a multiplicity of suits, the court may consider the number of suits which may be avoided, the statutory provisions for reducing this number, the efficiency of such provisions for giving plaintiffs adequate relief, the convenience and pecuniary loss of the parties, the apparent as well as anticipated issues between the different parties, and the importance of preserving to each the right of a jury trial in determining whether jurisdiction should be entertained or refused.

(3) When the rights of plaintiffs as to the different defendants and the rights of the latter as between each other are considered, it is clear that, even though the different rights may grow out of the same act, the issues of law and fact arising therefrom as between the individual parties are not the same, and equity should not assume jurisdiction in purely legal controversies based on such varied rights.

(4) A different rule applies where a plaintiff has an equitable cause of action, for where equity jurisdiction attaches as a matter of right, the claims of all proper parties to the suit will be adjusted notwithstanding that such claims constitute actions at law triable to a jury.

(5) The court under the allegations of the complaint being justified in refusing to entertain the action at all, clearly did not abuse its discretion in denying the application for temporary injunction.

[1] Reported in 144 N. W. 423.

Motion in the district court for Wabasha county by W. H. Davis and George W. Redmon and The Massachusetts Bonding & Insurance Company, plaintiffs, for a temporary injunction to restrain James Forrestal and Nicholas Feyen, as copartners, The Title Guaranty & Surety Company; the county of Wabasha, Simon Braun, Sarah Schurhammer and Joseph Schurhammer from commencing or maintaining any action against plaintiffs upon the transactions set forth in the attached complaint, to restrain defendants Forrestal and Feyen from taking any further proceedings in an action commenced by them against plaintiffs in the district court for Ramsey county, excepting the dismissal of such action. Plaintiffs obtained an order directing defendants to show cause why the motion should not be granted and the injunction issue. The order was heard before Snow, J., who denied the motion. From the order denying the motion, plaintiffs appealed. Affirmed.

*Brown & Guesmer,* for appellants.

*Boyesen & Flor, J. E. Cowern, Hiram D. Frankel* and *Michael Marx,* for respondents.

HOLT, J.

Appeal by plaintiffs from an order refusing a temporary injunction. The facts in brief are these: On August 16, 1909, the county of Wabasha made a contract with plaintiffs Davis & Redmon, partners, under which, for a stipulated price, the latter agreed to construct judicial ditch No. 1 in said county and the plaintiff surety company, a corporation, became the surety on the statutory bond given to the county by Davis & Redmon for the faithful performance of the contract. Davis & Redmon on March 17, 1911, sublet the construction of about one-half of the ditch to defendants Forrestal & Feyen, the defendant Title Guaranty and Surety Company becoming surety for their performance of the subcontract, and the plaintiff corporation becoming surety on a bond given by Davis & Redmon to Forrestal & Feyen to secure the payment of the moneys to be earned under the subcontract. Some time prior to the commencement of this action Forrestal & Feyen began an action in the district court of Ramsey county to recover from the plaintiffs herein

the sum of $1,500 claimed to be the balance due on the ditching contract of March 17, 1911, and when the same was about to be reached for trial the defendants therein, the plaintiffs herein, brought the present action in Wabasha county making Forrestal & Feyen, their surety, the county of Wabasha, and two separate owners of land adjacent to the ditch defendants.

The complaint sets forth the above facts and also that there would have been due Davis & Redmon from defendant county about $3,200 had Forrestal & Feyen completed the subcontract, which sum the county refuses to pay solely because of the failure of the subcontractors to complete their part of the ditch. It is also alleged that defendants Braun and Schurhammer each own tracts of land adjacent to the ditch which each claims to have been flooded by reason of the improper work of the subcontractors, and that these landowners threaten to sue plaintiffs for damages. Numerous and varied allegations abound in support of the conclusion that the rights and liabilities of the plaintiffs and the different defendants grow out of and depend on the single fact of the failure of the subcontractors to construct their part of the ditch according to their contract. The usual averments of irreparable injury, inadequate remedy at law, and a multiplicity of suits are found. The contract, subcontract, and the three bonds mentioned are made part of the complaint. In the prayer for relief, the court is asked to determine the claims of the respective parties and give judgment for or against them as the facts and the law shall be found to require for a determination of the entire controversy; to issue an injunction perpetually enjoining and restraining Forrestal & Feyen from proceeding in their Ramsey county action, except by a dismissal, and perpetually enjoining each and all of the defendants from beginning or maintaining any action against plaintiffs based upon the facts stated in the complaint; and to issue a temporary injunction of the same tenor during the pendency of the action. The court on plaintiff's application ordered defendants to show cause why the temporary injunction as prayed for should not issue, and restrained Forrestal & Feyen from proceeding in the Ramsey county action until the hearing upon the order to show cause. On the hearing the order to show cause was dis-

charged and the temporary restraining order vacated. This appeal followed.

It is plain that plaintiffs will suffer no irreparable injury from the acts of defendants, done or threatened, for which there is not an adequate remedy at law. The plaintiff surety is in no position to bring the action, for it has paid nothing on the bond and stands in no position to ask for contribution or release; it surely stands in no better position to ask equitable relief than do its principals Davis & Redmon. The latter confess that they have not fulfilled their contract with the county, hence have no cause of action against it and, what is more, their conduct towards the county with reference to this ditch is so inequitable that that alone should bar them from equitable relief. With respect to the county plaintiffs were in duty bound to see to it that the ditch was dug according to contract. The failure of a servant or subcontractor of theirs to perform is no excuse. If these have gone wrong or failed in some respect, plaintiffs should rectify the same before troubling the county with a lawsuit. The county has no contractual relation with Forrestal & Feyen. Against Forrestal & Feyen plaintiffs have an adequate remedy at law if it be true that the subcontract is unfinished. Also, if Davis & Redmon have suffered any damages by the reason of the subcontractors' default, such as expenditures for properly completing the subcontract and loss from payment of damages for delay, as stipulated in their contract with the county, proper counterclaims may be asserted in the action pending in Ramsey county or plaintiffs may bring separate action therefor. It is not alleged that either Forrestal & Feyen, or their surety company, is insolvent, or likely to be, and if, perchance, the two defendants who own lands adjacent to the ditch should sue plaintiffs on their bond to the county, no reason is apparent why plaintiffs may not by appropriate steps protect themselves against irreparable injury, if damages are awarded because of the subcontractors' breach of contract or wrongs in the construction of the ditch. The claim that a jury in one case may not find the determinative facts the same way as a jury in another case is not a ground for equitable intervention and does not come under the definition of irreparable injury or inadequate remedy at law.

It remains to be seen whether the present suit comes properly within equity cognizance because it avoids a multiplicity of suits. Efforts have been made by textwriters to classify equitable actions and in general language define each class. Pomeroy in his Equity Jurisprudence divides such actions into four classes. Plaintiffs confessedly do not bring themselves within any of these, unless it be the fourth class as defined and expounded in sections 269 and 274 of said work. In section 269 the test for suits under the fourth class is thus stated: "Courts of the highest standing and ability have repeatedly interfered and exercised this jurisdiction, where the individual claims were not only legally separate, but were separate in time, and each arose from an entirely separate and distinct transaction, simply because there was a community of interest among all the claimants in the question at issue and in the remedy." And in section 274 a further subdivision of the fourth class is attempted, wherein it is asserted as fully settled that jurisdiction in equity has been assumed. Plaintiffs assert their right to maintain this action within the rule of this subdivision: . "In suits by a single party against a number of persons to restrain the prosecution of simultaneous actions at law brought against him by each defendant, and to procure a decision of the whole in one proceeding, where all these actions depend upon the same questions of law and fact."

It is extremely difficult to classify all equity cases and define in general terms each class. Novel situations may give rise to equitable interference. If it be held that a plaintiff can maintain a suit in equity to restrain a number of defendants from bringing actions at law by simply alleging that in the pending, or threatened, actions the result in each will depend on the same questions of law and fact, actions at law with its right of jury trial will almost be abolished. In Mechanics Ins. Co. v. C. A. Hoover Distilling Co. 173 Fed. 888, 97 C. C. A. 400, 32 L.R.A.(N.S.) 940, plaintiff, a fire insurance company, brought suit against a policyholder which had sustained a loss, joining a large number of insurance companies which had issued concurrent policies on the property destroyed, to enjoin the policyholder from proceeding in his actions at law. The court refused to entertain the suit, saying [at page 890]: "If the bill in this

case states a cause of action cognizable in equity, it is plain that the days of jury trials in insurance cases are numbered." And we may add that if the present case is entertained jury trials will be eliminated in all cases of building or construction work where a subcontractor is to be found. The assertion that some subcontractor has failed to perform would be sufficient excuse for equity to interfere with any action at law and compel an accounting between the owners, contractor and subcontractors and others who claim to have been damaged through the same default. There are cases which sustain the general language of Pomeroy to the full (Southern Steel Co. v. Hopkins, 157 Ala. 175, 47 South. 274, 20 L.R.A.[N.S.] 848, 131 Am. St. 20, 16 Ann. Cas. 690) wherein separate actions at law for damages for wrongful death of 110 persons in a mine disaster were enjoined on the ground of avoiding a multiplicity of suits. But this decision is overruled in Roanoke Guano Co. v. Saunders, 173 Ala. 347, 353, 56 South. 198, 35 L.R.A.(N.S.) 491.

It is perhaps needless to observe that a broad statement used by a textwriter is often limited by the cases cited and modified or explained by other portions of the work itself. Thus, Lockwood Co. v. Lawrence, 77 Me. 297, 52 Am. Rep. 763, (cited as supporting section 269), an action to enjoin defendants from doing acts which, though done by them independently, resulted in the nuisance complained of, appears to be a clear case of equity jurisdiction and does not assist plaintiffs in the case at bar. Corey v. Sherman, 96 Iowa, 114, 64 N. W. 828, 32 L.R.A. 514, involved the adjustment of at least 3,000 policyholders' rights in an insolvent insurance company and comes plainly within equity jurisdiction both as generally understood and as provided by the Iowa statute. Board of Supervisors v. Deyoe, 77 N. Y. 219, concerned the application of an insufficient fund among a number of persons claiming the right thereto. Added or interpolated sections in the third edition of Pomeroy's Equity Jurisprudence limit and explain the rule in sections 269 and 274. Thus in section $251\frac{1}{2}$ it is stated: "The equity suit must result in a simplification or consolidation of the issues; if, after the numerous parties are joined, there still remain separate issues to be tried between each of them and the single defendant or plaintiff,

nothing has been gained by the court of equity's assuming jurisdiction." Tompkins v. Craig, 93 Fed. 885; Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. ed. 380; Van Auken v. Dammeier, 27 Ore. 150, 40 Pac. 89; Webb v. Parks, 110 Ga. 639, 36 S. E. 70.

Then again the right to jury trial should not be interfered with by an assertion of doubtful equity jurisdiction. Statutory provisions of interpleader, intervention, consolidation of suits and bringing in additional parties are all in aid of the efficiency of the remedy afforded by the ordinary action at law. These may be considered in determining whether a suit in equity to restrain actions at law should be entertained. We think this is well stated in section 251¾ of the text-book referred to: "Since the existence or exercise of the jurisdiction, in classes third and fourth, depends on defects in the legal rules as to joinder of parties, where the legal remedy is not thus defective but permits the joinder of numerous parties or consolidation of the numerous suits, equity will not take jurisdiction for the purpose of awarding substantially the same relief that may be obtained at law." The author of the note to Southern Steel Co. v. Hopkins in 20 L.R.A.(N.S.) 848, states, upon the authority of numerous cases cited, that the tendency of courts is to exercise discretion in assuming jurisdiction when it is invoked solely to avoid a multiplicity of suits. The convenience of parties and the injury to either by assuming or refusing jurisdiction is to be considered. And to a great extent the discretion is controlled by the question whether a party is deprived of his constitutional right to a jury trial. This is properly placed, we think, above any consideration of convenience or possible pecuniary loss.

In view of the situation of the parties, their legal remedies in actions at law, the undoubted right of each to a jury trial, the limited number of suits necessary to settle the controversies involved, and the different facts that would go to measure the damages between the different litigants even on plaintiff's showing, to say nothing of the issues that might be anticipated from the defendants, all convince us that the court below was entirely right in refusing to take cognizance of the case. The following cases support this view: Vandalia Coal Co. v. Lawson, 43 Ind. App. 226, 87 N. E. 47, which contains an

exhaustive review of the authorities; Tribetts v. Illinois Cent. R. Co. 70 Miss. 182, 12 South. 32, 19 L.R.A. 660, 35 Am. St. 642; Booneville Nat. Bank v. Blakey, 166 Ind. 427, 76 N. E. 529; Scruggs & Echols v. American Cent. Ins. Co. 176 Fed. 224, 100 C. C. A. 142, 36 L.R.A.(N.S.) 92; Turner v. City of Mobile, 135 Ala. 73, 33 South. 132; Illinois Steel Co. v. Schroder, 133 Wis. 561, 113 N. W. 51, 14 L.R.A.(N.S.) 239, 126 Am. St. 977. In the last-named case there is a dissenting opinion which, however, does not sustain appellants upon the facts here presented. Although the Alabama court has overruled the decision in the Tribetts case in Gulf & Ship Island R. Co. v. Barns, 94 Miss. 484, 510, 48 South. 823, the principles applied in the last-mentioned division demonstrate that plaintiffs in the case at bar have no standing in a court of equity.

That the rights of the parties do not depend upon the same state of facts and law appears clear when we consider that the county can look only to plaintiffs for completion of the ditch. Forrestal & Feyen have no recourse to the county, even if they have fully performed the subcontract. The landowners if damaged may sue on plaintiffs' bond, or may sue the one responsible for tort, but in no event could they sue the county, for in the construction of ditches it acts merely as a governmental agency. Certainly this situation involves the application of different legal principles to the rights of each litigant as well as the ascertainment of facts not common to all.

Of course what is said above has no application when a plaintiff has in part, at least, some equitable cause of action or ground upon which affirmative relief may be predicated, for, where equity jurisdiction once attaches, full and complete adjustment will be made of the rights of all parties properly in the suit, regardless of the fact that some of them may have the right to a jury trial as to their individual cause of action. The plaintiff contractors have certainly no equitable ground to relief, nor has the plaintiff surety company, for no facts are pleaded which entitle it to contribution, release or any other relief. In fact, the contractors and their surety, the plaintiffs herein, are in default, for it was their business to see that the ditch was finished if the subcontractors in any manner failed.

But the appellants rely on two decisions of this court: City of

Albert Lea v. Nielsen, 83 Minn. 246, 86 N. W. 83, and Fegelson v. Niagara Fire Ins. Co. 94 Minn. 486, 103 N. W. 495. In the first case, also reported in 80 Minn. 101, 82 N. W. 1104, 81 Am. St. 242, the plaintiff set up facts showing that the defendants had begun separate actions against plaintiff for damages, because a dam maintained by plaintiff at the outlet of a lake flooded their lands, and that by certain acts of the defendants and their grantors performed "simultaneously and jointly" the city had acquired the right equitably to maintain this dam at a certain height. It will thus be seen that the city pleaded facts which entitled it to maintain an action against each defendant for affirmative equitable relief. This relief was the same as to each and sprung from their joint acts or separate acts done in furtherance of a joint purpose. It was held that a demurrer on the ground that the complaint did not constitute a cause of action was properly overruled, and under that situation it was not error for the court to grant a temporary restraining order against proceeding in the actions at law until the determination of the suit in equity. It seems plain that the principles involved in that case are not applicable to the case at bar. Here there is not a shadow of a case made out against the county, nor any affirmative defense against the landowners' claims for damages. In the second case a demurrer for misjoinder of causes of actions was interposed to the complaint. The action was to recover for a partial fire loss covered by policies issued to plaintiff by the several defendants, each policy contained the standard provision to prorate with prior and subsequent insurance, except in case of total loss. It was held that the demurrer was rightly overruled. The loss being partial it seems clear that under the very terms of the policies one action was proper and, if separate actions had been commenced, any defendant would have been entitled to an order consolidating them for trial. It is not apparent that the action was changed into an equity suit so as to deprive any one of the right to a jury trial.

If, when the equity jurisdiction is invoked solely on the ground that thereby a multiplicity of suits will be avoided, the court, as indicated in the foregoing, may to a certain extent exercise discretion in entertaining the suit, it is certainly well settled that on an appli-

cation for a temporary injunction pending suit the order will not be reversed unless an abuse of discretion is apparent. Clearly there was no abuse of discretion here. By their own showing plaintiffs have no ground for affirmative equitable relief against either the county or landowners. Towards those defendants they have not done either what law or equity demands, and as to defendants Forrestal & Feyen plaintiffs' remedy at law appears adequate without restraining the action pending in Ramsey county.

Order affirmed.