RUFUS A. PRESCOTT and Others, Appellants, Respondents, *v.* JOHN W. GUIBORD and Others, Respondents, Impleaded with HERBERT D. WILLIAMS and Another, Respondents, Appellants.

Third Department, July 1, 1932.

*Thomas F. Conway* [*Thomas W. McDonald, Thomas E. O'Brien* and *William F. Pritchard* of counsel], for the plaintiffs.

*Stephen P. Anderton* [*John H. Barker* and *Arthur B. Hoff, Jr.,* of counsel], for the defendant Herbert D. Williams.

*Henry T. Dorrance,* for the defendant T. Harvey Ferris.

*Martin Conboy* and *David Asch,* for the defendant John W. Guibord.

PER CURIAM. With or without allegations of conspiracy this action is to recover damages for fraud. (*Brackett* v. *Griswold,* 112 N. Y. 454, 456; *Moore* v. *Bonbright & Co., Inc.,* 202 App. Div. 281, 293.) We dealt with this complaint in 221 Appellate Division, 438. We refused to consider the complaint further than required on the then motion to strike out part thereof. We expected that an amended complaint would be drafted and left all further questions to be determined when a complaint in a clearer and more concise form was presented.

No substantial right of any party has been prejudiced by that part of the order directing that causes of action be severed. (Civ. Prac. Act, § 96.)

Ferris and Williams alone of the defendants have appealed. It is very uncertain to what extent, if any, a cause of action is stated against either, and, if so, in favor of which of the plaintiffs, the corporation or the individuals or both. These defendants should not be required to make answer to such uncertain allegations. They are entitled to have a clear and concise statement of the cause or causes of action against them, setting forth to whom, to what extent and for what they are indebted.

The order should be affirmed, with costs to each of the defendants Ferris and Williams in this court and the court below against the plaintiffs.

All concur; McNAMEE, J., not voting.

Order affirmed, with costs in this court and in the court below to each of the defendants Williams and Ferris against the plaintiffs.