LOTTIE SCHENCK, an Infant, etc., Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., Defendant.

Supreme Court, Special Term, Kings County, March 28, 1938.

*Albert L. Wigor*, for the plaintiff.

*Solon Weit*, for the defendant.

HALLINAN, J.   In an action predicated upon a policy of life insurance, the defendant insurance company counterclaimed rescission of the policy, based upon certain alleged misrepresentations as to the health of the insured.

The motion is now made by the defendant, pursuant to section 96 of the Civil Practice Act, for an order severing the issues in the action and directing a separate and prior trial at Special Term of

the issues raised by the counterclaim, and staying the trial of the issues raised by the complaint. The defendant states that it is willing, if the relief it asks is granted, to stipulate that in the event the plaintiff prevails at the trial in Special Term, judgment may be entered against it for the proceeds of the policy, as prayed for in the complaint, so that there will be no question but that the determination of the equitable issues raised by the counterclaims will be a complete determination of all the issues in the action.

However, if the plaintiff's action is tried first, and she prevails, that, likewise, would be a complete determination of all issues in the action. In that event, also, " a trial of the issues raised by the counterclaim would be unnecessary." (*Greenberg* v. *Prudential Ins. Co.*, 246 App. Div. 727.)

The cause of action of the plaintiff is for a sum of money only, entitling her to a jury trial as of right. (*Greenberg* v. *Prudential Ins. Co., supra;* Civ. Prac. Act, § 425, subd. 1.) The right to a jury trial is a substantial one, not within the discretion of a judge. (*Acker* v. *Leland*, 109 N. Y. 5.) The right to a jury trial is a constitutional right, where demanded. (*Alward* v. *Alward*, 15 Civ. Proc. 151; State Const. art. 1, § 2.)

The test for permitting severance pursuant to section 96 of the Civil Practice Act is whether it can be done " without prejudice to a substantial right." (*Prescott* v. *Guibord*, 236 App. Div. 170, 171.)

The application herein does not meet that test, for, were it granted, the plaintiff would lose the constitutional right to a jury trial — the stipulation the defendant is prepared to offer notwithstanding.

It has been held that equitable defenses are triable in the same way as defenses that are legal, and that " even the label of a counterclaim will not change the mode of trial at the instance of a defendant if what is described as a counterclaim is also a defense * * * unless the situation is one in which affirmative relief through a formal judgment of reformation is essential for complete protection." (*Susquehanna S. S. Co.* v. *Anderson & Co.*, 239 N. Y. 285, 296.)

In the case at bar a formal judgment of rescission will not be essential if the issues raised in the complaint and in the defenses are tried by a jury, for, whichever party prevails, a trial of the issues raised by the counterclaim will be unnecessary. (*Greenberg* v. *Prudential Ins. Co., supra.*) The policy will then be incapable of being used thereafter " to the prejudice of the signer." (*Susquehanna S. S. Co.* v. *Anderson & Co., supra.*)

The plaintiff may not be deprived of so substantial and fundamental a right as a trial by jury, by indirection, for that would be

the effect of the stipulation the defendant offers as a condition for the severance. Thereby the objection to a trial of the equity action first, which the court found in *Mutual Life Ins. Co.* v. *Marzec* (146 Misc. 26), because such a trial " might not be determinative of all the issues involved," is sought to be obviated.

Motion denied.