General Insurance Company of America, Plaintiff, *v.* Emanuel Goldstein et al., Defendants.

Supreme Court, Special Term, New York County, November 26, 1943.

*Maurice Freiman* for Emanuel Goldstein and another, defendants.

*Robert T. Dawson* for plaintiff.

Eder, J. Motion to dismiss complaint as failing to state a cause of action.

The suit is in the nature of a bill of peace. The plaintiff issued its policy of insurance in the sum of $1,000 to the defend-

ant Frances Goldstein doing business as Town Cleaners; she was engaged with defendant, Emanuel Goldstein, in conducting a dry cleaning establishment and a tailoring, pressing and repair shop. By the terms of the policy plaintiff insured property of the customers of the defendant Frances Goldstein while in the premises of the assured against loss or damage by fire; the complaint alleges that a fire occurred on the insured's premises and that some 7 customers (named as defendants) '' and more than 100 other persons all customers of the plaintiff's assured '' had various personal property on the premises which was damaged or destroyed in said fire in an aggregate in excess of $5,000; that the balance available for distribution under said policy is the sum of $765.63. It is also alleged that the plaintiff does not know the names and addresses of all the 100 or more persons whose property was damaged or destroyed by the aforesaid fire; that the interest of all said persons is common and general to all of them; that, for the full protection of all the defendants and of all the aforesaid other persons who suffered loss or damage as a result of the said fire, it is necessary that this court take into its custody and control the proceeds available of said sum of $765.63 of the policy issued by plaintiff, in order to effectively make distribution thereof to the persons entitled thereto.

Plaintiff states its recognition of the rule that where a policy is issued to a bailee which covers property intrusted to that bailee, the latter's customers possess a direct cause of action on the policy; this is undoubtedly so (*Symmers* v, *Carroll*, 207 N. Y. 632; *Lewis* v. *Home Insurance Co.*, 199 App. Div. 556, affd. 234 N. Y. 498), and, to avoid a multiplicity of lawsuits against it by the various claimants and in order to achieve an equitable distribution, plaintiff has instituted this suit in equity praying that it be permitted to pay said sum of $765.63 into court, that a list of claimants be compiled by the assured and submitted to a referee or such other person as the court may designate to give notice to all claimants, to receive proof of the validity of all claims, and to make proper distribution of the fund among the parties entitled thereto.

The plaintiff maintains that the instant suit is the only proper remedy by reason of the fact that all of insured's customers possess claims against the plaintiff on which they could bring individual suits, and that '' Although the procedure which is here sought to be followed is used many times by insurance companies similarly situated, few of such proceedings are opposed and therefore reported cases of contests are rare ''.

I am of the opinion that the suit herein cannot be maintained. The maintenance of a suit in equity to avoid a multiplicity of actions is not one of absolute right but rests in the exercise of the sound discretion of the court. In this connection one of the causes for declining to entertain the suit is where to entertain it would deprive a defendant of a jury trial to which he is entitled by constitutional or statutory provision, and indeed it is declared that equity is without jurisdiction in such an instance (*Indian Land & Trust Co.* v. *Shoenfelt,* 135 F. 484, 486; *McGuire* v. *Pensacola City Co.,* 105 F. 677, 679; *Roanoke Guano Co.* v. *Saunders,* 173 Ala. 347, 349; *Booneville Nat. Bank* v. *Blakey,* 166 Ind. 427, 443; *Davis* v. *Forrestal,* 124 Minn. 10; *Weston* v. *Fisher,* 180 S. W. [Mo.] 1038; see, also, *Greenberg* v. *Prudential Insurance Co. of America,* 246 App. Div. 727; *Schenck* v. *Prudential Insurance Co. of America,* 167 Misc. 282).

Each one of the insured's customers possesses an independent right of action under the policy, at law, and each has the undoubted right to a jury trial (N. Y. Const., art. I, § 2; see U. S. Const., 7th Amendt.), of which he cannot be deprived as he would be if such a suit as this is permitted; and though this feature has not been suggested by movants' counsel nonetheless it is the duty of the court *ex mero motu* to give effect to constitutional right. (*Indian Land & Trust Co.* v. *Shoenfelt, supra.*)

The mere fact that plaintiff has or may have many actions of a similar nature to defend is not sufficient to give a right to a suit in equity for the express purpose of avoiding a multiplicity of actions at law where the result is to deprive the defendants of their right to a trial by jury (see cases cited, *supra*), and this is likewise so where the action rests on allegations of a saving of expense and a promotion of convenience. As said in *Davis* v. *Forrestal* (124 Minn. 10, 14, *supra*): " If it be held that a plaintiff can maintain a suit in equity to restrain a number of defendants from bringing actions at law by simply alleging that in the pending, or threatened, actions the result in each will depend on the same questions of law and fact, actions at law with its right of jury trial will almost be abolished."

In *Mechanics' Ins. Co.* v. *Hoover Distilling Co.* (173 F. 888) the plaintiff, a fire insurance company, brought suit against a policyholder which had sustained a loss, joining a large number of insurance companies which had issued concurrent policies on the property destroyed, to enjoin the policyholder from proceeding in his actions at law. The court refused to entertain

the suit, saying (at p. 890) : " If the bill in this case states a cause of action cognizable in equity, it is plain that the days of jury trial in insurance litigation are numbered   *   *   *."

In *Weston* v. *Fisher* (180 S. W. [Mo.] 1038, 1039, *supra*) the court said that it is true that aid may be had in equity, in proper cases, to prevent or avoid the multiplicity of suits; but it said that rule does not mean that for this mere reason one " can oust a defendant of his right to a trial by jury by throwing him, nolens volens, into a court of equity ".

Plaintiff relies strongly on *Continental Insurance Co.* v. *Capitol Curtain Cleaners, Inc.* (N. Y. L. J., Nov. 26, 1940, p. 1712, col. 5), and also on section 195 of the Civil Practice Act, to which reference is made therein, but I am unable to adopt the views there expressed and conclusions reached. The feature of depriving the insured's customers of a jury trial by means of· such a suit as this was apparently not before the court, but it is believed that if it had been it would have furnished a cogent reason for dismissing the complaint. As remarked in the *Booneville National Bank* case (166 Ind. 437, 443 *supra*) : " Here it is to be perceived that the objection to the joinder of the demands goes further than a mere matter of convenience. It involves, if carried to its logical result, the denial of a jury trial."

Referring to section 195 of the Civil Practice Act, entitled " Suing for benefit of others ", it reads as follows: " Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit · of all."

It seems clear to me that this provision is intended to be invoked in a representative action by the party having the cause of action on behalf of himself and others similarly situated; it confers no right on the party who may be complained against to invoke this statute on behalf of or for such parties; their individual rights and individual injuries cannot be enforced or redressed by the one who may be liable, any more than a corporation may bring a representative action on behalf of stockholders to enforce or redress their individual rights; but. the action must be by them alone. Moreover, section 195 cannot deprive a party of a trial by jury where it is secured to him by constitutional provision. (*Bryan* v. *McGurk,* 200 N. Y. 332, 338.)

For the reasons stated this court feels itself obliged to reach a conclusion contrary to that declared in the *Continental* case (*supra*), and, accordingly, the motion to dismiss is granted.