▪ RUTH H. DAVIS, as Executrix of LUCY H. MACKEY, Deceased, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— *Per Curiam.* Appeal from a judgment of the Supreme Court at Trial Term which dismissed the complaint in an action upon life insurance policies, at the close of the evidence, without prejudice to a retrial upon such pleadings, amended or otherwise, as the parties should be advised. The enforcement of an annuity contract is an action for a money- judgment triable by jury as of right (CPLR 4101, subd. 1; *Schenck* v. *Prudential Ins. Co.,* 167 Misc. 282). In presenting its case the plaintiff established a prima facie case because she proved the existence of the annuity policies and the deaths of Charles and Lucy Mackey (*Imbrey* v. *Prudential Ins. Co.,* 286 N. Y. 434, mot. for rearg. den. 287 N. Y. 646). The effects of the admissions made during plaintiff's proof of the existence of the two claimant's statements raised the question of whether or not either of the conflicting claimant's statements were binding on the parties. Since this involved a determination of the intention of the parties, it raised a question of fact which should have been decided by the jury (*Frank Associates* v. *Ryan & Sons,* 281 App. Div. 665). This is to be contrasted with the construction of ambiguities in writings presenting a question of law when there is no extrinsic evidence tendered to assist in the interpretation (*Bonime* v. *Cummings,* 5 A D 2d 976). By failing to submit the case to the jury the trial court committed error because a prima facie case and an issue of fact are sufficient to require a jury verdict (*Tripi* v. *Stillwell,* 22 A D 2d 759). If the present complaint be deemed inadequate in any respect, and the trial court apparently considered that it was, it may, of course, be amended upon proper application, without the necessity of plaintiff's commencing a new action. Judgment reversed, on the law and the facts, with costs to appellant, and case restored to the trial calendar. Gibson, P. J., Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*